■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS HARRISON, Also Known as LOUIS C. HARRISON, Also Known as LEWIS HARRIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 19, 1976, convicting him of rape in the first degree (four counts), sodomy in the first degree (two counts), sexual abuse in the first degree (five counts) and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of sexual abuse in the first degree (five counts), and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed (see *People v Webster,* 54 AD2d 703). Cohalan, J. P., Rabin, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v MALACHI HAYES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 21, 1976, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTA JAMES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 5, 1975, convicting her of burglary in the second degree and assault in the second degree, after a nonjury trial, and imposing sentence. Judgment modified, on the facts, by reversing the conviction of burglary in the second degree and the sentence imposed thereon, and dismissing the said count. As so modified, judgment affirmed. There was insufficient evidence to support the conviction of the crime of burglary in the second degree (see Penal Law, § 140.25). The guilt of the defendant of the crime of assault in the second degree was established beyond a reasonable doubt. Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRA LEE MARSH, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered March 2, 1976, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The trial court erred in granting the prosecutor's application to compel defense counsel to turn over, for his cross-examination of appellant, any notes counsel or his investigator had made during conversions with appellant. When he took the stand in his own defense, appellant waived only his privilege against self incrimination. The attorney-client privilege is not waived unless a defendant testifies as to the contents of prior conversations with his attorney or the latter's agent *(People v Lynch,* 23 NY2d 262). The record demonstrates that timely objection had been made and the prosecutor's application should have been denied. However, the record also demonstrates that the notes were not utilized in a manner which prejudiced appellant and, therefore, the error was not of such a nature as would warrant reversal (see *People v Crimmins,* 36 NY2d 230). We have considered appellant's other arguments for reversal and find them to be without merit. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.