█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAMELA L. CONKLIN, Also Known as PAM LESTER, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered October 11, 1977, convicting her of criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The trial court erred in granting the prosecutor's application, over vehement objection, to compel defense counsel to turn over for the cross-examination of appellant, any notes counsel had made during conversations with her. In making the application, the prosecutor inadvertently misquoted *People v Damon* (24 NY2d 256, 261-262), which states: "We have recognized the defendant's right to obtain and inspect statements of prosecution witnesses for possible use in cross-examining them (see *People v Rosario,* 9 N Y 2d 286). There is neither reason nor justification for not allowing the People to procure from the defendant statements taken from his witnesses for the same purpose of cross-examining them." At bar the People acknowledged that the *Damon* citation did not include the right to extract from defense counsel any confidential communications, either orally or in writing, made by the defendant herself. Unlike *People v Marsh* (59 AD2d 623, mot for lv to app den 43 NY2d 798), where the record indicated that notes turned over to the People in similar fashion "were not utilized in a manner which prejudiced appellant and, therefore, the error was not of such a nature as would warrant reversal (see *People v Crimmins,*

36 NY2d 230)", we find the error herein to be of sufficient magnitude that it did prejudice appellant. Even though the trial court struck the offending material from the record, we find that the evidence of guilt apart from the abuse of the lawyer-client relationship was far from overwhelming, thus warranting reversal and a new trial. Mollen, P. J., Latham, Suozzi, Gulotta and Cohalan, JJ., concur.