■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE GREGORY, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered September 24, 1981, convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress identification testimony. Judgment reversed, on the law, plea vacated, and motion granted to the extent that evidence of the pretrial showup is suppressed; in all other respects, the motion is denied, and the case is remitted to the County Court, Nassau County, for further proceedings on the indictment. On October 24, 1980, two security guards employed by Macy's Department Store in Massapequa, New York, observed the defendant and an accomplice for several minutes as they took merchandise and left the store without paying for it. Outside of the store, the guards pursued and apprehended the defendant's accomplice. The defendant escaped. Several minutes later, the defendant was arrested by an off-duty police officer. As the People candidly and correctly concede, the defendant's arrest was effected on less than probable cause, since the arresting officer had no knowledge of the crime and could articulate no other basis for the arrest (see *People v Howard,* 50 NY2d 583). The defendant was subsequently transported back to the store where he was independently identified by both security guards. Following his indictment, the defendant moved to suppress all identification evidence and a hearing was held. The court denied the motion in its entirety and, thereafter, the defendant pleaded guilty to the indictment. In our view, the showup identifications at the store should have been suppressed as the fruit of the unlawful arrest (see, e.g., *People v Gordon,* 87 AD2d 636; *People v Pittman,* 83 AD2d 870; *People v Cyrus,* 76 AD2d 842). However, it is settled that an in-court identification will not be precluded by the fact of an antecedent unlawful arrest, provided that the proposed identification testimony is predicated upon the witness' independent recollection (see, e.g., *United States v Crews,* 445 US 463; *People v Pleasant,* 54 NY2d 972). The record of the hearing at bar amply demonstrates that the in-court identifications to be made by the security guards rest upon their independent recollections. Accordingly, although the court erred in denying the motion insofar as it sought suppression of evidence of the pretrial showup, the court correctly refused to suppress the guards' proposed in-court identification testimony. Under the circumstances at bar, there was a reasonable possibility that the error contributed to the plea. Therefore, the judgment must be reversed and the defendant permitted to plead anew (see *People v Grant,* 45 NY2d 366, 379-380; *People v Burrows,* 46 NY2d 957, 958). Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD HARTIGAN, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Tsoucalas, J.), dated September 29, 1980, which granted defendant's motion to dismiss an indictment charging him with assault in the first degree. Order reversed, on the law, motion denied and the indictment is reinstated. Although the Justice at Criminal Term was correct that he could not reverse a prior order of a Justice of co-ordinate jurisdiction, which order dismissed an earlier indictment against defendant with leave to resubmit, the prior order is not binding on this court as law of the case (see *Wilson v McCarthy,* 53 AD2d 860). That order was incorrectly made because the evidence before the Grand Jury did not warrant the instructions which the court held should have been given. Accordingly, the indictment is reinstated. We further note that the better practice would have been for the District Attorney to have appealed from the original order. Damiani, J. P., Titone, Thompson and Bracken, JJ., concur.