■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVEN FINLEY, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Browne, J.), dated October 24, 1980, which granted that branch of defendant's motion which sought dismissal of the indictment charging him with murder in the second degree (two counts), robbery in the first degree (two counts), and criminal possession of a weapon in the second degree.

Order reversed, on the law and the facts and as a matter of discretion, the aforenoted branch of defendant's pretrial motion denied, indictment reinstated, and matter remitted to the Supreme Court, Queens County, for further proceedings.

After an *in camera* inspection of the Grand Jury minutes, that branch of defendant's motion which sought dismissal of the indictment was denied by Justice Eiber, who expressly found "that sufficient legal evidence was adduced to sustain the indictment and that the legal instructions and manner of presentation of the People's case to the Grand Jury was in accordance with the law". Thereafter, a *Wade* hearing was conducted before Justice Browne which resulted in a finding that "there has been no violation of the constitutional rights of this defendant as regards his identification or the procedure utilized in identifying him". Nonetheless, Justice Browne entertained an application to reinspect the Grand Jury minutes and to dismiss the indictment in the interest of justice (CPL 210.40), and directed dismissal both in the interest of justice and on the ground that the evidence was legally insufficient. We reverse.

Justice Eiber's determination that the evidence before the Grand Jury was legally sufficient to sustain the indictment constituted the law of the case at Criminal Term and, absent exceptional circumstances, not present here, was binding on Justice Browne as a Judge of coordinate jurisdiction (see *Vanguard Tours v Town of Yorktown,* 102 AD2d 868; *People v Hartigan,* 90 AD2d 506; *People v Wright,* 104 Misc 2d 911, 914; cf. *People v Leone,* 44 NY2d 315, 320-321 [concurring opn Fuchsberg, J.]). While Justice Eiber's determination would not consti-

tute the law of the case in this court (*People v Hartigan, supra*), we agree with her that the indictment should stand.

The eyewitness testimony was sufficient to establish a prima facie case for Grand Jury purposes (*People v Mayo,* 36 NY2d 1002; *People v Makatura,* 102 AD2d 832; *People v Brewster,* 100 AD2d 134). Questions of witness credibility and accuracy of the identification are for the trier of fact and may not be determined on a motion to dismiss (*People v Haney,* 30 NY2d 328, 336, n 10; *People v Dukes,* 97 AD2d 445, application for lv to app den 61 NY2d 673; *People v Cannon,* 71 AD2d 924). In sum, the evidence before the grand Jury was legally sufficient to support the indictment.

Nor was dismissal warranted in the interest of justice. The crimes charged are serious and review of the record reveals no compelling factor "clearly demonstrating that conviction or prosecution of the defendant upon such indictment * * * would constitute or result in injustice" (CPL 210.40, subd 1; see *People v Viszokai,* 99 AD2d 519; *People v Belkota,* 50 AD2d 118, 122; cf. *People v Rickert,* 58 NY2d 122). Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.