■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT FENTRESS, Appellant. — Order of the County Court, Dutchess County (Rosenblatt, J.), dated December 29, 1980, affirmed. (*People v Mitchell,* 58 NY2d 368; 5 Weinstein-Korn-Miller, NY Civ Prac, par 4503.18.) Titone, J. P., Mangano, Weinstein and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVEN FINLEY, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Browne, J.), dated October 24, 1980, which granted that branch of defendant's motion which sought dismissal of an indictment charging him with murder in the second degree (two counts), robbery in the first degree (two counts), and criminal possession of a weapon in the second degree. By order dated August 20, 1984, this court reversed the order of the Supreme Court, denied the aforenoted branch of defendant's motion and reinstated the indictment (*People v Finley,* 104 AD2d 450). By order dated September 11, 1984, this court granted reargument of the appeal.

Upon reargument, original determination adhered to.

We adhere to our prior determination for the reasons stated in our decision of August 20, 1984. On the record before us, we also reject defendant's claim that the People's tardiness in perfecting their appeal deprived him of Sixth Amendment speedy trial and due process rights (see *People v Cousart,* 58 NY2d 62, writ of habeas corpus den *sub nom. Cousart v Hammock,* 580 F Supp 259, affd 745 F2d 776; *People v Moore,* 100 AD2d 521; *United States v Loud Hawk,* 741 F2d 1184, 1194-1196 [Wallace, J., dissenting]; *United States v Bishton,* 463 F2d 887, 890). Defendant could have made a motion to dismiss the appeal for lack of prosecution (CPL 470.60; 22 NYCRR 670.4). Mollen, P. J., Titone, Mangano and Lawrence, JJ.