■ In the Matter of JOHN D. JUSTICE, Petitioner, v THEODORE S. KASLER et al., Respondents.—Application unanimously denied and petition dismissed, without costs. Memorandum: In response to a notice by petitioner of intention to proffer psychiatric evidence (CPL 250.10 [2]), the People moved to compel petitioner to submit to an evaluation by two psychiatrists chosen by the People and requested that the examinations be videotaped. The court granted the People's motion to the extent that it permitted examination of petitioner by one psychiatrist and ruled that this examination could be videotaped. In so ruling, the court explicitly preserved the question of admissibility of the videotaped examination for the trial court. Petitioner then commenced this special proceeding in the nature of prohibition, seeking to enjoin the videotaping of the psychiatric examination by the People.

"The remedy of prohibition does not lie as a means of seeking collateral review of an alleged error of law in a pending criminal matter" *(Matter of Goetz v Crane,* 111 AD2d 729, 730; *see also, Matter of State of New York v King,* 36 NY2d 59, 62; *Matter of Cosgrove v Armer,* 81 AD2d 1042, *lv denied* 54 NY2d 602). Clearly, petitioner seeks review of an alleged error of law, which is the subject of a direct appeal upon a judgment of conviction *(see generally, Matter of State of New York v King, supra).* (Art 78.) Present—Callahan, J. P., Doerr, Denman, Balio and Schnepp, JJ.

■ In the Matter of the Dissolution of BURLEIGH INSTRUMENTS, INC., by SCOTT C. ARRINGTON, a Shareholder Thereof.— Order unanimously affirmed, without costs. Petitioner's application for costs of reproducing supplemental appendix granted. (Appeals from order of Supreme Court, Monroe County, Pine, J.—dismiss affirmative defense; discovery.) Present—Callahan, J. P., Doerr, Denman, Balio and Schnepp, JJ.