■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. McMULLIN, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered November 7, 1985, upon a verdict convicting defendant of the crime of burglary in the second degree.

On May 14, 1985, defendant was charged in a single-count indictment with burglary in the second degree following an incident on May 2, 1985 during which he allegedly entered a residence at 331 North Geneva Street in the City of Ithaca, Tompkins County. The residence was occupied by several Ithaca College students, two of whom, Eileen Bearsto and Janet Eppinger, were at home during the incident. The record shows that at approximately 6:45 P.M. Bearsto observed defendant on the second floor of the apartment standing near a bedroom doorway. Defendant stated that he "was looking for a girl Marilyn", and followed as Bearsto proceeded downstairs. No one named Marilyn lived at the apartment. Bearsto called to Eppinger and two friends in the kitchen and all four confronted defendant at the front door, where he again referred to one Marilyn. Shortly after defendant left, Eppinger discovered that $41 had been taken from her desk drawer. A third roommate, Leslie Murphy, returned home as defendant descended the front steps. When informed of the incident, Murphy commenced immediate pursuit and discovered defendant behind the house, changing his clothes. Murphy confronted defendant, who denied any wrongdoing and began to run. During the ensuing chase, defendant threw money back at Murphy and an assisting passerby, yelling, "You can have your money back." The police arrived and defendant was taken into custody. Shortly thereafter, Bearsto and Eppinger were taken to the police station where they observed defendant sitting in an interview room.

Pursuant to defendant's motion to suppress evidence seized during his arrest, a hearing was scheduled for September 12, 1985. At a pretrial conference conducted September 6, 1985, the issue of the station house showup was raised for the first time. Up to this point, no notice of intent to offer such evidence had been served *(see,* CPL 710.30). On September 10, 1985, the People served County Court and defendant with a late notice of intent accompanied by an affidavit stating that they were previously unaware of the showup. By letter dated September 12, 1985, defendant objected to the scheduling of a *Wade* hearing due to the People's failure to serve a timely notice. Although County Court determined that "good cause" for the delay in service was not established (CPL 710.30 [2]), a *Wade* hearing was held September 12, 1985, following which the court suppressed the showup identification but determined that Bearsto and Eppinger had an independent basis for identifying the perpetrator and would be allowed to make in-court identifications. Thereafter, defendant was tried and convicted as charged and sentenced as a second felony offender to a term of 6 to 12 years' imprisonment. This appeal ensued.

Defendant in effect maintains that since the People failed to timely provide the statutory notice of intent or demonstrate the "good cause" required to excuse such an omission, and no motion to suppress was made as specified in CPL 710.30 (3), the court was obligated to preclude all identification testimony from Bearsto and Eppinger. We disagree. Under the prevailing circumstances, the fact that defendant objected to the holding of a *Wade* hearing did not deprive County Court of authority to *sua sponte* order such a hearing. The waiver provision set forth in CPL 710.30 (3) does not vest a defendant with exclusive authority to move for a suppression ruling. Of course, it is generally the defendant who seeks such relief, but where, as here, a suppression ruling is a necessary predicate to the admissibility of in-court identifications *(see, United States v Wade,* 388 US 218), the appropriate procedure is to conduct a *Wade* hearing in advance of trial, notwithstanding the objections of defense counsel *(cf. People v Cannon,* 97 Misc 2d 762). To hold otherwise would be inconsistent with the very purpose of the statute to assist a defendant in preparing a defense by requiring pretrial resolution of any suppression issues. Very clearly, the substitute procedure pursued here served this statutory purpose *(see, People v Taylor,* 102 AD2d 944, 945, *affd on other grounds* 65 NY2d 1; *People v Brown,* 83 AD2d 699).

Nor does the record give substance to defendant's complaint that he was not given sufficient time to prepare for the *Wade* hearing. At the outset of the hearing, County Court informed defendant that adjournments would be granted upon request, but no such requests were made. Since the hearing transcript confirms the showup incident was adequately explored, defendant's present complaint is without substance *(see, People v Swanton,* 107 AD2d 829).

To the extent that County Court suppressed the showup evidence, defendant was certainly not prejudiced. Most importantly, the record provides clear and convincing evidence *(see, People v Rahming,* 26 NY2d 411, 417) that both Bearsto and Eppinger had ample opportunity to view defendant during the commission of the crime, thus establishing an independent basis for their in-court identification testimony *(see, People v Gregory,* 90 AD2d 506; *People v Wilson,* 86 AD2d 957, 958). Each witness was able to observe defendant for several minutes under good lighting conditions *(see, People v Washington,* 111 AD2d 418). In any event, the record contains other overwhelming evidence of guilt, as demonstrated in the testimony of Murphy previously described. Accordingly, the error, if any, in the identification procedure employed was harmless *(see, People v Crimmins,* 36 NY2d 230; *People v Magazine,* 106 AD2d 473, 476; *People v Wilson, supra).*

Defendant's further contention that prosecutorial misconduct deprived him of a fair trial is unpersuasive. With respect to the contention that the prosecutor became an unsworn witness in his cross-examination of Eugene Bush, the only defense witness, we observe that no objections were made on this basis *(see,* CPL 470.05 [2]) and our examination of the record does not compel us to review this question in the interest of justice *(see,* CPL 470.15 [6] [a]; *People v London,* 124 AD2d 254). While the prosecutor improperly expressed a personal challenge to the veracity of the defense witness *(see, People v Bailey,* 58 NY2d 272, 277), defense counsel's objection was immediately sustained and curative instructions rendered. Given the overwhelming evidence in this case, this error did not render the trial unfair *(see, People v London, supra).*

Judgment affirmed. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.