■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered November 9, 1983, convicting him of assault in the first degree, attempted robbery in the first degree (two counts), and attempted robbery in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial (Agresta, J.), of that branch of the defendant's omnibus motion which was to dismiss the indictment.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in the light most favorable to the People, we find that the evidence is sufficient as a matter of law to support the defendant's conviction of the crimes charged (see, People v Lewis, 64 NY2d 1111; People v Conyers, 130 AD2d 677). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's pro se contention that the verdict convicting him of assault in the first degree and attempted robbery in the first degree was repugnant to the verdict acquitting him of criminal use of a firearm in the first degree has not been preserved for appellate review (see, People v Alfaro, 66 NY2d 985; People v De Meo, 123 AD2d 879, 880, lv denied 69 NY2d 826). In any event, we find the contention to be without merit (see, People v Tucker, 55 NY2d 1, 6, rearg denied 55 NY2d 1039; People v De Meo, supra).

We also find that the trial court's ruling permitting the Assistant District Attorney to examine a statement made by the defendant to his investigator has not been preserved for our review. Defense counsel not only failed to timely object to the trial court's ruling, but specifically consented to turn over the subject statement following a discussion on the record relating to the statement's contents (cf., People v Conklin, 64 AD2d 671; People v Marsh, 59 AD2d 623, lv denied 43 NY2d 798).

Lastly, the defendant contends in his pro se supplemental brief that the trial court erred in denying his motion to dismiss the indictment. The defendant claims that the District

Attorney failed to permit him to testify before the Grand Jury. He also challenges the sufficiency of the indictment. The Trial Justice properly refused to review the prior determination of another Justice denying the defendant's motion to dismiss the indictment.The prior determination constituted the law of the case and was binding upon any Judge of coordinate jurisdiction (see, People v Finley, 104 AD2d 450, adhered to on rearg 107 AD2d 709; People v Hartigan, 90 AD2d 506). Although this court is not bound by the prior order as law of the case (see, People v Finley, supra), we agree that the indictment should stand. The defendant did not notify the District Attorney's office of his intention to testify until 21 days after the indictment was handed down and, therefore, his request to appear was untimely (see, CPL 190.50 [5] [a]). Nor was the indictment factually insufficient as it set forth sufficient facts to apprise the defendant of the conduct with which he was charged (see, CPL 200.50 [7] [a]; People v Morris, 61 NY2d 290, 293; People v Di Noia, 105 AD2d 799, 800). Thompson, J. P., Brown, Niehoff and Spatt, JJ., concur.