(January 13, 1988)

■ In the Matter of THOMAS J. SPOTA, Appellant, v FRANK BRESS, Respondent.—In a proceeding to quash subpoenas issued to the petitioner in connection with a hearing upon a motion to dismiss an indictment in a pending criminal action entitled *People v Brensic* (indictment No. 2678/79), the petitioner appeals from so much of a judgment of the County Court, Suffolk County (Namm, J.), dated January 5, 1988, as (1) denied that branch of the application which was to quash the subpoena ad testificandum, and (2) failed to quash paragraphs 1 through 6 and paragraph 8 of the subpoena duces tecum in their entirety.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the application is granted, and the subpoenas in question are quashed in their entirety.

The judgment is final and appealable as to the appellant *(see, People v Johnson,* 103 AD2d 754; *People v Marin,* 86 AD2d 40). Under the circumstances of this case, the County Court erred in refusing to quash in their entirety the subpoenas served on the appellant. The issue of Spota's pecuniary interest in the conviction of Robert Brensic was resolved by the order of the County Court, Suffolk County (Doyle, J.), dated April 22, 1982, and that order is binding on other Judges of coordinate jurisdiction absent exceptional circumstances, not present here *(see, People v Finley,* 104 AD2d 450, *upon rearg* 107 AD2d 709; *People v Brensic,* 118 Misc 2d 390).

In making the determination under review, the County Court attempted to reopen the issues previously determined. This was improper. Furthermore, while the doctrine of law of the case would not be binding on this court *(see, People v Finley, supra),* the issues now raised with respect to pecuniary interest, which were decided adversely to Brensic by Judge Doyle, were not raised either on Brensic's appeal to this court following his conviction, or in the Court of Appeals [70 NY2d 9] upon appeal from this court's order affirming the judgment [119 AD2d 281]. Thus, the right to seek review of these issues has been waived. In light of this determination, there would

appear to be no need to hold a hearing with respect to pecuniary interest. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.