■ In the Matter of PATRICK HENRY, as District Attorney of Suffolk County, Petitioner, v STUART NAMM, as Judge of the Suffolk County Court, et al., Respondents.—Proceeding by the District Attorney of Suffolk County pursuant to CPLR article 78, *inter alia*, (1) to prohibit the respondent Stuart Namm, a Judge of the County Court, Suffolk County, from conducting a hearing in a pending criminal action entitled *People v Brensic* (indictment No. 2678/79) upon the motion of the defendant in that action to dismiss the indictment based upon prosecutorial misconduct, (2) to compel the respondent Namm to quash certain subpoenas issued to the petitioner with respect to a hearing on that motion, (3) to compel the respondent Namm to "define and limit the scope of the hearing" being conducted by him, and (4) to compel the respondent Namm to determine an application made by the petitioner to quash the subpoenas in issue, or (5), in the alternative, for declaratory relief. Motion by the respondent Namm to dismiss the proceeding.

Ordered that the motion to dismiss the proceeding is granted, and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

The underlying dispute concerns whether the respondent Namm was correct in directing and holding a pecuniary interest hearing in a criminal action entitled *People v Brensic* on the motion of the defendant in that action to dismiss the indictment pursuant to CPL 210.20. While there appears to be no reason to hold a hearing with respect to pecuniary interest *(see, Matter of Spota v Bress,* 136 AD2d 584 [decided herewith]), it is well established that where a petitioner has an adequate remedy of appeal *(see,* CPL 450.20 [1] [appeal by the People from an order dismissing an indictment]), relief by way of a CPLR article 78 proceeding will not lie *(see, Matter of Lipari v Owens,* 70 NY2d 731; *Matter of Ladone v Lerner,* 135 AD2d 535).

Moreover, under the circumstances at bar, declaratory relief to challenge the County Court's determination to hold a hearing and to issue subpoenas is not available *(see, Matter of Morgenthau v Roberts,* 65 NY2d 749; *Matter of Morgenthau v Erlbaum,* 59 NY2d 143, *cert denied* 464 US 993). Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.