■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY E. BRIDGES, Appellant.—Judgment affirmed. All concur, except Doerr and Pine, JJ., who dissent and vote to reverse and grant a new trial, in the following memorandum.

Doerr and Pine, JJ. (dissenting). We dissent because, in our view, the record reveals that defendant was denied the effective assistance of counsel.

Defendant and a codefendant were tracked by police, who responded to a silent alarm of a break-in in a commercial building, to the hallway of a nearby house, where they were arrested. Both defendant and codefendant testified at defendant's trial that they were in the area searching for a tire and became scared when they heard police sirens, and hid in the hallway of a nearby house. Essentially, then, defendant's credibility was the central issue at trial. In our view, two errors committed by defense counsel so undermined defendant's credibility that defendant was deprived of the effective assistance of counsel.

A *Sandoval* hearing was held prior to trial, and it was determined that defendant had three prior burglary convictions, one prior burglary charge, and one conviction for criminal trespass and petit larceny. The court disallowed completely the use of the burglary charge and the earliest burglary conviction, but held that the prosecutor could impeach defendant's credibility with the criminal trespass conviction. The court reached a compromise as to the remaining two burglary convictions. The prosecutor could ask defendant only whether he was convicted of a felony on each of the two relevant dates. If defendant admitted conviction of a felony on those dates, the jury was not to know the nature of the conviction. The court's *Sandoval* ruling was favorable to defendant because it effectively prevented the People from revealing to the jury the fact that defendant had any prior burglary convictions.

However, on his direct examination of defendant, counsel asked defendant if he had ever been convicted of any crimes and directly elicited from defendant the fact that defendant had "three or four" prior burglary convictions. This admission was extremely prejudicial and would not have been elicited except for defense counsel's questioning *(see, People v Wiley,* 120 AD2d 66, 70). In our view, defense counsel's action in bringing forth this extremely damaging testimony cannot be characterized as an unsuccessful trial strategy under any circumstances *(People v Ofunniyin,* 114 AD2d 1045, 1047). The error was sufficiently serious to deprive defendant of a fair trial, because defendant's credibility was of primary importance in establishing his defense.

A further error on the part of defense counsel is worthy of mention. During the District Attorney's cross-examination of defendant, in an attempt to show that portions of defendant's testimony were recently fabricated, the District Attorney improperly attempted to use defendant's postarrest silence to impeach his credibility *(see, People v Conyers,* 52 NY2d 454, 459; *People v Savage,* 50 NY2d 673, 684, *cert denied* 449 US 1016). Counsel did not object to this improper cross-examination. Defendant, in an attempt to rehabilitate himself, stated that he had previously given a statement to his attorney that was consistent with his trial testimony. The prosecutor demanded the statement, and counsel turned it over without objection on the ground that defendant's statement to him was privileged *(People v Shapiro,* 308 NY 453; *People v Conklin,* 64 AD2d 671). The prosecutor then impeached defendant's credibility by pointing out various inconsistencies between

defendant's trial testimony and the statement defendant made to his attorney. The prejudice to defendant from this improper cross-examination, coupled with counsel's eliciting of damaging testimony in contravention of the court's *Sandoval* ruling, deprived defendant of a fair trial. (Appeal from judgment of Onondaga County Court, Mordue, J.—burglary third degree, and other charges.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.