(November 23, 1988)

■ In the Matter of DAVID L. COHEN, Petitioner, and DAVID

McCLARY, Intervenor-Petitioner, v THOMAS A. DEMAKOS, Respondent.—Proceeding pursuant to CPLR article 78 to prohibit enforcement of a subpoena issued by the Supreme Court, Queens County (Demakos, J.), dated November 9, 1988, which directed the petitioner to appear as a witness in a criminal action entitled *People v Cobb et al.,* under Queens County indictment Number 1662/88, and motion by David McClary, one of the defendants in that underlying criminal action, for leave to intervene as a party petitioner.

Ordered that the motion to intervene is granted, without costs or disbursements, and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

The petitioner and the intervenor-petitioner seek to challenge a subpoena issued by the respondent Justice Thomas A. Demakos directing the petitioner to appear as a witness on behalf of the court in a suppression hearing in a pending criminal matter. Although a CPLR article 78 proceeding in the nature of prohibition will lie to prevent a court from acting in excess of its jurisdiction or power *(La Rocca v Lane,* 37 NY2d 575), it will not be entertained if there is available an adequate remedy at law *(Matter of Lipari v Owens,* 70 NY2d 731). The petitioner, who is not a party to the underlying criminal action, has such an adequate remedy in his right to move to quash the subpoena and to appeal to this court from an order denying that application *(see, People v Marin,* 86 AD2d 40, 42-43; *People v Johnson,* 103 AD2d 754; *Matter of Grand Jury Subpoena,* 111 AD2d 891; *Matter of Spota v Bress,* 136 AD2d 584). Moreover, the contentions now raised by the intervenor-petitioner as to the propriety of the subpoena may be addressed on appeal from a judgment of conviction rendered against him in the criminal action if he is convicted.

In any event, it cannot be said that the respondent was acting in excess of his jurisdiction or authorized powers, since CPL 610.20 grants a criminal court the authority to issue a subpoena for the appearance of a witness in any criminal matter pending in such court. Lawrence, J. P., Rubin, Spatt and Sullivan, JJ., concur.