OPINION OF THE COURT
Michael R. Juviler, J.
The question presented, apparently a novel one, is whether on a motion to dismiss an indictment a Judge of a superior *663 court may review on the merits a ruling of another Judge of the same court, made during the Grand Jury proceedings, relating to the presentation of evidence to the Grand Jury.
This is a written version of an oral decision issued on August 24, 1994, denying a motion to dismiss the indictment pursuant to CPL 210.20 (1) (c); 210.35 (5); 190.25 (6) and 190.50 (6), for a defect in the Grand Jury proceedings. The defendant is charged with rape in the first degree. In his motion to dismiss, the defendant claimed that the prosecutor who had presented the case to the Grand Jury had improperly refused to present to the Grand Jury a letter proffered by the defense, and a witness whose prospective testimony was set forth in the letter.
The defense conceded that this matter had been litigated before the Honorable Thaddeus E. Owens, a Justice of this court, and ruled on by him, while the Grand Jury was hearing the case. Justice Owens had been assigned pursuant to 22 NYCRR 80.1 (b) (2) and 81.1 (b) (5) to supervise the Kings County Grand Jury. On oral argument of the motion to dismiss, the parties disputed the intent of Justice Owens’s ruling and therefore disputed whether the prosecutor’s actions had violated that ruling. I respectfully referred that aspect of the defendant’s motion to Justice Owens for him to determine whether there had been compliance with his order as he had intended it. Shortly thereafter, Justice Owens issued a decision finding that the prosecutor had substantially complied with his directions regarding the procedures to follow before the Grand Jury. Accordingly, I denied the defendant’s motion to dismiss the indictment on the claim of a defect in the Grand Jury proceedings.
Defense counsel then asked me to consider the merits of Justice Owens’s original ruling, and argued that Justice Owens’s ruling regarding the letter and the witness had been erroneous, so that even if the prosecutor had followed it, the court should dismiss the indictment. For the following reasons, I declined to review the merits of Justice Owens’s ruling, considering it to be the law of the case.
The "[s]uperior courts,” including the Supreme Court, have "preliminary jurisdiction of all offenses” which "they exercise * * * by reason of and through the agency of their grand juries.” (CPL 10.20 [2].) This preliminary jurisdiction includes the role of a superior court as overseer of pending Grand Jury proceedings. (See, Preiser, Practice Commentaries, McKinney’s *664 Cons Laws of NY, Book 11A, CPL 10.20, at 78; Gershman, Supervisory Power of the New York Courts, 14 Pace L Rev 41, 84-87 [1994].) In the case at bar, when the prosecutor and defense counsel could not in the course of the Grand Jury proceedings agree upon the procedure to follow with respect to a letter to the Grand Jury and a witness proffered by the defense, they properly went to the Justice available on that date to rule on such matters of "preliminary jurisdiction”; Justice Owens was empowered to rule on disputes regarding the presentation of evidence, in his supervisory role as "legal advisor” of the Grand Jury. (See, CPL 190.25 [6]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 190.25, at 214; see also, People v Stepteau, 81 NY2d 799 [order in which witnesses are called is matter for the Grand Jury and its supervising Judge]; People v DiFabio, 79 NY2d 836 [superior court participates in Grand Jury proceeding by deciding competency of child witness]; Matter of Morgenthau v Altman, 58 NY2d 1057 [superior court may determine order of defendant’s testimony before Grand Jury].)
When a dispute arises in the course of a Grand Jury proceeding, it is the proper course for the prosecutor "to take the matter into open court for a ruling.” (People v Ianniello, 21 NY2d 418, 425, cert denied 393 US 827 [in context of a witness’s right to counsel during Grand Jury proceedings].) "By requiring the matter to be taken to the presiding Justice, the proceeding is expedited and the danger of stalling tactics reduced. The judge can rule on issues of pertinency, after argument of counsel.” (Supra, at 425; see also, People v Thomas, 160 Misc 2d 39 [Sup Ct, Queens County]; People v Doe, 151 Misc 2d 829, 835 [Sup Ct, Kings County].) This practice avoids the disruptive effect of withholding such matters until after indictment, when a finding of a prejudicial defect would require dismissal and re-presentation to another Grand Jury. (See, People v Thomas, supra; People v Doe, supra.)
Such rulings, made during the Grand Jury proceedings in the court’s role as supervisor of preliminary proceedings, should not be reviewed on the merits by another Judge of the same court if there is an indictment. It is well settled that a Judge should not review decisions of another Judge of the same court. (See, People v Jennings, 69 NY2d 103, 113-114 [unless previous Judge is unavailable for referral, subsequent Judge should not dismiss counts that previous Judge upheld]; People v Johnson, 131 AD2d 696, 697, lv denied 70 NY2d 713 *665 [same]; People v Hartigan, 90 AD2d 506 [order dismissing indictment may not be reversed by a Judge of coordinate jurisdiction].) No exceptional circumstances have been raised that would merit this court’s departure from settled law. (See, People v Finley, 104 AD2d 450, adhered to on rearg 107 AD2d 709.)
On the contrary, there is every reason to follow that settled law in this case. The parties argued their positions fully in an adversarial setting, on the record, before Justice Owens. Parties should be encouraged to bring such disputed issues before the court while the Grand Jury is still hearing the case, so that the superior court can ensure on the spot the fairness of the Grand Jury proceedings. The party that prevails should then be able to rely on that ruling as the law of the case. Requiring a second Judge to review on the merits the rulings of the first Judge would result in the kind of uncertainty and burdens on judicial economy that the initial Judge’s hearing of the case was designed to prevent. Under the circumstances, the ruling in May, while the Grand Jury proceedings were pending, constitutes the law of the case; only the Appellate Division may properly review it, if the defendant is convicted. (See, People v Wilkins, 68 NY2d 269, 277, n 7 [alleged defects in Grand Jury proceedings may be raised even after a plea of guilty]; People v Johnson, supra [Appellate Division is not bound by prior order of trial court as law of the case].)
In that respect, Justice Owens’s ruling relating to the witness and the letter differs from the superior court’s ruling in People v DiFabio (supra) relating to the competency of a Grand Jury witness. The latter determination is made ex parte and relates only to the Grand Jury, not the trial; it does not preclude a determination by the trial court on the evidence to be admitted at the trial. Also distinguishable are search warrants and eavesdropping warrants, which are reviewed, after indictment, by a Judge other than the Judge who issued them. The warrants are issued ex parte, so it is appropriate for another Judge to review them in an adversary setting after indictment.