■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AUGUSTUS GUIN, Respondent. [663 NYS2d 621] —Appeal by the People from an order of the Supreme Court, Queens County (Rutledge, J.), dated November 20, 1996, which granted the defendant's oral application to reinspect the Grand Jury minutes underlying Queens County Indictment No. 1372/95 and reduced the count of grand larceny in the fourth degree charged therein to petit larceny.

Ordered that the order is reversed, on the law, the oral application is denied, the count of grand larceny in the fourth degree is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The defendant was indicted for grand larceny in the fourth degree, jostling, and criminal possession of stolen property in the fifth degree after he allegedly stole a subway token and some cash from a passenger on a subway train. In response to the defendant's omnibus motion, the Supreme Court, Queens County (Braun, J.), *inter alia,* inspected the Grand Jury minutes and found that the charges were supported by legally sufficient evidence. The matter subsequently came before Justice Richard B. Rutledge of the same court, at which time the defendant made an oral application to have Justice Rutledge reinspect the Grand Jury minutes to determine whether the count of grand larceny in the fourth degree was supported by legally sufficient evidence. Justice Rutledge granted the application, reviewed the minutes, reduced the count to petit larceny, and immediately accepted the defendant's plea of guilty to that count in full satisfaction of the indictment, all over the objections of the People. We now reverse.

Contrary to the defendant's contention, this appeal is not procedurally barred, since he has not yet been sentenced in this matter (*see generally, People v Moquin,* 77 NY2d 449; *Matter of Kisloff v Covington,* 73 NY2d 445; *Matter of Campbell v Pesce,* 60 NY2d 165; *People v Bartley,* 47 NY2d 965), and further proceedings have been stayed during the pendency of this appeal (*see,* CPL 210.20 [1-a], [6] [c]; CPL 460.40 [2]).

Turning to the merits, the People correctly contend that Justice Rutledge erred in granting the application to have the Grand Jury minutes reinspected. There is no statutory authority for reinspection, and Justice Rutledge violated the doctrine of the law of the case by reviewing a matter which already had been the subject of a binding determination by a Judge of coordinate jurisdiction (*see, Martin v City of Cohoes,* 37 NY2d 162; *People v Johnson,* 131 AD2d 696). While adherence to the law of the case doctrine is not mandated in all cases, only extraordinary circumstances will justify a departure from it (*see, People v Williams,* 188 AD2d 573; *People v Finley,* 104 AD2d 450). Since the defendant did not make such a showing and the record otherwise fails to support a finding of extraordinary circumstances, the departure of Justice Rutledge from the law of the case doctrine was unwarranted (*see, e.g., People v Finley, supra*).

Furthermore, while Justice Braun's determination does not constitute the law of the case in this Court, she correctly determined that the indictment is supported by legally sufficient evidence, and Justice Rutledge's determination to the contrary is in error. Indeed, the testimony of the complainant before the Grand Jury was that the defendant inserted his hand into the complainant's pocket and removed the items in question before fleeing. Accordingly, the evidence sufficed to establish prima facie that the defendant committed grand larceny in the fourth degree by stealing property, regardless of its nature and value, from the person of another (*see,* Penal Law § 155.30 [5]). Justice Rutledge's ruminations regarding another possible factual scenario under which the defendant might have come into possession of the stolen property are completely unsupported by the Grand Jury minutes and wholly speculative.

Justice Rutledge further erred in permitting the defendant to plead guilty to less than the entire indictment without the consent of the People (*see,* CPL 220.10 [4]; *People v Esajerre,* 35 NY2d 463; *People v Antonio,* 176 AD2d 528; *Matter of McDonald v Sobel,* 272 App Div 455, *affd* 297 NY 679), and in accepting the plea of guilty immediately following the reduction of the indictment in contravention of the People's rights under CPL 210.20 (6) (*see generally, People v Jackson,* 87 NY2d 782, 787).

Given the foregoing, the count of grand larceny in the fourth degree is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings, including the making of an appropriate motion by the People to vacate the il-

legal plea of guilty should they be so advised. Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.