■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALBERTO RODRIGUEZ, Respondent. [664 NYS2d 311] —Appeal by the People from an order of the Supreme Court, Queens County (Rutledge, J.), rendered October 28, 1996, which granted the defendant's oral application to reinspect the Grand Jury minutes underlying Queens County Indictment No. 5501/95, and reduced the charge of burglary in the third degree to attempted burglary in the third degree.

Ordered that the order is reversed, on the law, the oral application is denied, the count of burglary in the third degree is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The Supreme Court's reinspection of the Grand Jury minutes in the absence of a written motion is reversible error (*see,*

*People v Johnson*, 134 AD2d 284). Moreover, the prior determination of another Justice denying the defendant's motion to dismiss the indictment constituted the law of the case and was binding upon any Justice of coordinate jurisdiction (*see, People v Johnson*, 131 AD2d 696).

Although this Court is not bound by the prior determination as law of the case (*People v Finley*, 104 AD2d 450, *adhered to on rearg* 107 AD2d 709), we agree that the count of burglary in the third degree should not have been reduced to attempted burglary in the third degree. The reviewing Justice erroneously applied a higher standard to determine whether the People's circumstantial evidence was sufficient (*see, People v Jennings*, 69 NY2d 103). In addition, the court did not have the power to reduce the charge in the interest of justice (*see, McDonald v Sobel*, 272 App Div 455, *affd* 297 NY 679).

As the defendant correctly concedes, the withholding of the People's consent rendered the trial court without authority to accept a plea to anything less than the entire indictment (*see, People v Esajerre*, 35 NY2d 463; *People v Guin*, 243 AD2d 649; *People v Antonio*, 176 AD2d 528; *Matter of Gribetz v Edelstein*, 66 AD2d 788).

Given the foregoing, the count of burglary in the third degree is reinstated and the matter is remitted to the Supreme Court, Queens County, for further proceedings, including the making of an appropriate motion by the People to vacate the illegal plea of guilty. Bracken, J. P., Joy, Altman and Goldstein, JJ., concur.