■ In the Matter of GARY DeFILIPPO, Petitioner, v STEPHEN J. ROONEY et al., Respondents. [847 NYS2d 617]—

Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to bar the retrial of the petitioner in an action entitled *People v DeFilippo,* pending in the Supreme Court, Richmond County, under indictment No. 295/04, on the ground that retrial would violate his right not to be twice placed in jeopardy for the same offense.

Adjudged that the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner failed to demonstrate a clear legal right to the extraordinary remedy of prohibition based on his claim that the District Attorney of Richmond County is barred from further prosecuting him on the ground that retrial would violate his right not to be twice placed in jeopardy for the same offense (*see Matter of Holtzman v Goldman,* 71 NY2d 564, 569 [1988]). Since the petitioner requested the mistrial that was granted by the trial court, he must demonstrate prosecutorial or judicial misconduct intended to provoke him into requesting a mistrial in order to establish that a retrial is barred by the principles of double jeopardy (*see Oregon v Kennedy,* 456 US 667, 673-679 [1982]; *see also Matter of Majestic Collectibles v Farneti,* 308 AD2d 492 [2003]). The petitioner failed to meet this burden.

With respect to the petitioner's remaining claims, the remedies of prohibition and mandamus are not available, as the petitioner failed to demonstrate a clear legal right to the relief sought (*see Matter of Holtzman v Goldman,* 71 NY2d at 569; *Matter of Henry v Namm,* 136 AD2d 585 [1988]; *Matter of Justice v Kasler,* 122 AD2d 603 [1986]; *Matter of Goetz v Crane,* 111 AD2d 729, 730 [1985]; *Matter of Kopilas v People,* 111 AD2d 174 [1985]). Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.