■ In the Matter of JAZZY HAMBRICK, Petitioner, v JOHN B. LaTELLA, Respondent. [885 NYS2d 430]—Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to bar the retrial of the petitioner in an action entitled *People v Hambrick*, pending in the Supreme Court, Queens County, under indictment No. 883/08, on the ground that retrial would violate his right not to be twice placed in jeopardy for the same offense, and application for poor person relief.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]).

The petitioner here has failed to demonstrate a clear legal right to the relief sought since prohibition does not lie to prevent a retrial in a criminal matter where the defendant consented to a mistrial (*see generally Matter of Rivera v Firetog*, 11 NY3d 501 [2008]; *cf. Matter of DeFilippo v Rooney*, 46 AD3d 681 [2007], *affd* 11 NY3d 775 [2008]).

In light of the foregoing, we need not reach the respondent's remaining contentions. Fisher, J.P., Dillon, Covello and Eng, JJ.