■ In the Matter of DAVID C. BELTON, Petitioner, v THOMAS J. SPOTA et al., Respondents. [994 NYS2d 545]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from retrying the petitioner in a criminal action entitled *People v Belton,* pending in the County Court, Suffolk County, under indictment No. 2138B/10, on the ground that retrial would violate his constitutional right not to be twice placed in jeopardy for the same offense, and application by the petitioner to prosecute the proceeding as a poor person.

Ordered that the application for leave to prosecute the proceeding as a poor person is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied as academic; and it is further,

Adjudged that the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner failed to demonstrate a clear legal right to the extraordinary remedy of prohibition based on his contention that retrying him on Suffolk County indictment No. 2138B/10 would violate his right not to be twice placed in jeopardy for the same offense (*see Matter of Holtzman v Goldman,* 71 NY2d 564, 569 [1988]). Since the petitioner requested the mistrial that was granted by the County Court, he must demonstrate prosecutorial or judicial misconduct intended to provoke him into moving for a mistrial in order to establish that a retrial is barred by the principles of double jeopardy (*see Oregon v Kennedy,* 456 US 667, 673-679 [1982]; *Matter of DeFilippo v Rooney,* 46 AD3d 681, 682 [2007], *affd* 11 NY3d 775 [2008]; *Matter of Miller v Hynes,* 10 AD3d 660, 661 [2004]; *Matter of Majestic Collectibles v Farneti,* 308 AD2d 492 [2003]). The petitioner failed to meet this burden. Dillon, J.P., Hall, Austin and Barros, JJ., concur.