■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROGER JOSEPH KLEIN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Nassau County, rendered June 17, 1964, convicting him, upon his plea of guilty, of murder in the second degree, and imposing sentence. Judgment reversed on the law and the facts and action remitted for the pur-

pose of: (a) holding a hearing upon defendant's motion to withdraw his plea of guilty; and (b) making a determination thereon *de novo*. Defendant and three codefendants were jointly indicted in October, 1963, for felony murder and other crimes. On May 13, 1964, during the selection of a jury, defendant pleaded guilty to murder in the second degree. On June 17, 1964 defendant was arraigned for sentence, whereupon one of his attorneys informed the trial court that, only within five minutes prior to such arraignment, defendant had informed his attorneys of his intention to move for a withdrawal of his plea of guilty. Defendant's attorney disclaimed knowledge concerning the reason for defendant's motion and suggested that defendant "speak for himself as to what his wishes are in this field." Defendant stated that he was not guilty of murder in any degree and therefore wanted to withdraw his plea. Thereupon the trial court denied defendant's motion. In our opinion the trial court's denial of the defendant's motion was an abuse of discretion. Section 337 of the Code of Criminal Procedure requires the trial court to exercise an informed discretion and thus prohibits a peremptory denial of a motion thereunder when all that is before the court is a defendant's claim of innocence. Under the circumstances at bar, the trial court should have offered to adjourn the proceeding for a reasonable time in order that defendant might confer with his attorneys. If a defendant does not want to confer with counsel the trial court should attempt to elicit facts from the defendant with the object of determining the reasons for his motion. However, whatever course a defendant might choose, the People must be offered an adjournment for the purpose of enabling them to resist the motion on whatever grounds, including prejudice, they may be able to establish (see *People* v. *Serrano*, 15 N Y 2d 304; *People* v. *Morales*, 17 A D 2d 999; *People* v. *Wright*, 20 A D 2d 857). Brennan, Hill and Hopkins, JJ., concur; Beldock, P. J., and Ughetta, J., dissent and vote to affirm, with the following memorandum: When defendant was arraigned for judgment, he moved to withdraw his prior plea of guilty to murder in the second degree. He did not claim innocence; he merely claimed that he was not guilty of murder in any degree. He did not want to substitute a plea of not guilty. He merely wanted a plea to a lesser degree of homicide (as was the case with his codefendants). There is no claim that his plea was induced by fraud or coercion. No reason is presently advanced why the motion to withdraw the plea should have been granted. In our opinion, there was no improvident exercise of discretion in denying the motion to withdraw the plea (*People* v. *Wright*, 20 A D 2d 857).