■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE V. THOMPSON, Appellant.—Judgment insofar as it imposes sentence unanimously reversed, and defendant remanded to Supreme Court, Oneida County, for further proceedings and sentencing in accordance with memorandum, and otherwise judgment affirmed. Memorandum: Defendant was sentenced on April 12, 1976, after a plea of guilty to two counts of grand larceny in the third degree (Penal Law, § 155.30, subd 1) and to a violation of section 145 of the Social Services Law, to an indeterminate sentence having a minimum of one and one-half years and a maximum of three years as a second felony offender. On at least two occasions prior to sentencing, defendant's attorney stated that defendant wished to challenge the constitutionality of his prior felony convictions as having been obtained in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, and requested a hearing in connection therewith pursuant to CPL 400.21. The court, although acknowledging defendant's right to a hearing for the purpose of contesting the constitutional validity of the predicate felonies, nevertheless denied the hearing and proceeded to sentence defendant as a second felony offender, stating that the defendant could contest the predicate felonies in a *coram nobis* proceeding after sentence. This was error. "A previous conviction in this or any other jurisdiction which was obtained in violation of the rights of the defendant under the applicable provisions of the constitution of the United States must not be counted in determining whether the defendant has been subjected to a predicate felony conviction." (CPL 400.21, subd 7, par [b].) Defendant was entitled to a hearing upon the matter, the People having the burden of proving the constitutionality of the previous felony convictions (see *People v Wilkes,* 30 AD2d 563; *People v Taylor,* 86 Misc 2d 445; *People v Woods,* 50 AD2d 720). The sentence must therefore be reversed. Defendant should be remanded to Supreme Court, Oneida County, for resentencing after the question of the constitutional validity of the predicate felonies has been determined in a hearing pursuant to CPL 400.21. Defendant's contentions regarding the trial court's denial of his motion to withdraw his plea of guilty are without merit as the record indicates that the defendant, who was represented by experienced counsel, knowingly and voluntarily pleaded guilty to the grand larceny and misdemeanor charges and was not under any misapprehension as to the allegations against him, and that the court was sufficiently familiar with the case to make an informed determination on defendant's motion to withdraw the plea (see *People v Friedman,* 39 NY2d 463; *People v Tinsley,* 35 NY2d 926; *People v Dixon,* 29 NY2d 55; *People v Nixon,* 21 NY2d 338; *People v Williams,* 46 AD2d 727; see, also, *People v Klein,* 26 AD2d 559). (Appeal from judgment of Oneida Supreme Court—grand larceny, third degree, and another charge.) Present—Marsh, P. J., Simons, Hancock, Jr., Denman and Witmer, JJ.