OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The issue as framed by defendant is whether he has been denied due process by the failure of the hearing Judge to make an explicit finding that the in-court identification of defendant had been shown by clear and convincing evidence not to have been tainted.
It cannot be said that the absence of an explicit finding on in-court identification at trial denied defendant due process.* *870 As Chief Judge Desmond held in People v Alfinito (16 NY2d 181, 186), involving suppression in another context, there is "no strict rule of law that a decision on such a motion must always be accompanied by express findings. In many instances such as the present one the issue is so narrow that granting or denying the motion sufficiently implies the findings.” This is even more the case here, because the record includes a profuse recital of facts and reasoning demonstrating a finding of independent basis. Although it would have been preferable for the hearing court to have more clearly articulated its determination on this issue, it did find independent basis. It is thus unnecessary to reach other issues.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.

 Nevertheless, the better practice is for the hearing Judge to make findings on in-court identification in every case, even if he finds all pretrial identification not tainted, for doing so will avoid the necessity for remand for a further hearing should an appellate court disagree with the hearing Judge on one or more of the pretrial confrontations (Sobel, Eyewitness Identification: Legal and Practical Problems, §§ 10, 68, 83.03).