(December 20, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WILLIAMS, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered December 10, 1982, upon a verdict convicting defendant of the crime of burglary in the third degree.

There was evidence that sometime after 11:00 P.M. on May 19, 1982, defendant and three other males decided to go to the Montgomery Ward store in the City of Kingston to steal some radio cassette players. They were all in a vehicle owned by the mother of Shawn Lyons, which they were using for a joy ride. Two of the males broke into the store while defendant and Lyons waited in the car behind the store. A silent alarm was set off and two constables in separate cars arrived at the scene; one approached the front of the store and the other drove to the rear. Defendant was observed driving the vehicle without lights by the officer who went to the rear of the store. The officer stopped defendant and Lyons and detained them after discovering there was a break-in. The other two males were discovered hiding in the store and apprehended there.

Defendant and one of the other males, Sterling Barksdale, testified for the defense at trial. Defendant disclaimed all prior knowledge of the burglary and Barksdale attempted to minimize defendant's participation. Lyons and the other male, Shawn Bennet, were witnesses for the prosecution. The People's evidence showed that defendant had prior knowledge of the intended burglary and had participated in formulating the plan. The jury convicted defendant of third degree burglary.

Prior to sentencing, defendant was served with a prior felony information. At the time of sentencing, defense counsel indicated that his client believed he had previously pleaded to a misdemeanor rather than a felony in Dutchess County. The trial court adjourned the matter for four days for defense counsel to obtain the relevant records. On the adjourned date, defense counsel stated during a colloquy with the court:

"MR. MODJESKA: * * * I guess what I am trying to say to the court, my research indicates that all papers indicate that there was a plea to a felony. Charlie's recollection is and has been that he only pled to a misdemeanor * * *

"THE COURT: All right. Is the defendant ready for sentence?

"MR. MODJESKA: Yes, sir."

On this appeal, defendant first contends that since defendant was not given a predicate felony hearing, the trial court failed to comply with CPL 400.21 in sentencing defendant as a second

felony offender and that defendant must therefore be resentenced. We disagree. The record clearly supports the People's contention that defendant, through his counsel, waived the predicate felony hearing. Further, defendant only asserted that he could not remember being convicted of a felony while there was documentation, as defendant's counsel admitted, that he had been convicted of a prior felony in Dutchess County. Defendant also never raised any constitutional challenge to the alleged prior felony conviction as was the situation in *People v Johnson* (62 AD2d 1174) and *People v Thompson* (60 AD2d 765). There was no fatal failure to comply with CPL 400.21 under these circumstances.

Defendant's other contention of reversible error is that the People failed to establish a prima facie case against defendant by failing to prove that he acted with the requisite mental culpability required for the commission of a burglary under section 20.00 of the Penal Law. We disagree. There was adequate evidence of defendant's knowing participation in the criminal enterprise to establish his guilt of burglary in the third degree beyond a reasonable doubt.

The judgment of conviction should therefore be affirmed.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.