■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP J. PENNA, Appellant.—Casey, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered May 30, 1986, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

On April 17, 1986, County Court entertained defendant's application to enter a plea of guilty to the crime of attempted promoting prison contraband in the first degree, in full satis-

faction of the indictment which charged defendant with promoting prison contraband in the first degree. Defendant's plea was duly accepted and the case was adjourned until May 30, 1986 for sentencing.

By an information dated April 21, 1986, the District Attorney filed a predicate felony information alleging defendant's conviction on July 6, 1983 of the crime of burglary in the second degree, a class C felony, in Suffolk County. By a similar separate information dated May 20, 1986, defendant was also accused of a prior felony conviction of criminal possession of a weapon in the third degree, a class D felony, committed in New York County. County Court apprised defendant of this latter information only and of defendant's right to admit or deny the allegations and to raise any constitutional attack regarding this conviction.

Defendant, through his attorney and personally, admitted this prior felony and was then informed that such admission made him a predicate felony offender, to which defendant stated that he understood and that no appeal was pending on this prior conviction. When defendant was informed of his right to make a statement, he claimed he was not guilty of the prior burglary conviction, the crime for which he was then incarcerated. Defendant was then sentenced as a predicate felon to an indeterminate prison term of 1½ to 3 years, such sentence to run consecutively with the sentence he was then serving for burglary.

On this appeal, defendant complains that he was not arraigned on the first predicate felony information, in violation of his rights under CPL 400.21, and did not receive a hearing on that information. In our opinion, use of the prior felony of criminal possession of a weapon in the third degree only, which was admitted by defendant, supplied the necessary predicate without resort to the prior burglary conviction. Having voluntarily admitted to the commission of the prior weapons charge, defendant was appropriately sentenced as a second felony offender without a hearing under CPL 400.21 *(see, People v Williams,* 106 AD2d 786). The sentence imposed is required by law to be consecutive to the sentence that defendant was then serving on the burglary charge. Defendant's claim of excessiveness has no merit since the sentence imposed was the minimum that the law permitted in the circumstances.

Judgment affirmed. Main, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.