■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM ABDUL HAKEEM, Also Known as LARRY DAVIS, Appellant. [619 NYS2d 33] —Judgment, Supreme Court, Bronx County (Stephen Barrett, J.), rendered April 25, 1991, convicting defendant, after a jury trial, of two counts of murder in the second degree and attempted robbery in the first degree, and sentencing him to concurrent terms of 25 years to life, 25 years to life, and 5 to 15 years, respectively, unanimously affirmed.

Defendant's complaints regarding the court's failure to make an appropriate inquiry of a juror who heard a radio report regarding defendant or to allow him to participate in the inquiry, are unpreserved (People v Torres, 80 NY2d 944, 945), and we decline to review them in the interest of justice. Were we to review them, we would find the claims meritless. Although the court did not allow the attorneys to pose questions to the juror directly, it did obtain their input at two sidebar conferences during the questioning, and twice offered to return the juror to the courtroom for further inquiry, but defense counsel declined these offers. Moreover, the court did not err in failing to explicitly state its findings on the record,

since there were sufficient facts and reasoning on the record to support the court's determination that the juror was not unqualified *(cf., People v Bamberg,* 51 NY2d 868).

The record supports the trial court's determination that the defense attorney failed to offer race-neutral reasons for rejecting two white males, including one who had childhood friends who were police officers but whom he had not seen in several years, while accepting several black and Hispanic jurors who either worked with the Police Department or had relatives who were police officers *(see, People v Allen,* 206 AD2d 593).

Defendant was not deprived of *Brady* material by the People's failure to produce the decedent's common-law wife at trial, where defendant was given a copy of the statements she made to the police, and her testimony would not materially impeach the credibility of the prosecution's main witness *(see, People v Baxley,* 84 NY2d 208, 213). Moreover, defendant was not entitled to a missing witness charge where the prosecution unsuccessfully attempted to locate the decedent's common-law wife during the trial *(cf., People v Ramos,* 205 AD2d 404, *lv denied* 84 NY2d 831).

The identification of defendant was not rendered unduly suggestive when two witnesses were shown the same photo array on separate occasions. Nor was it necessary to place the photographs of two suspects who had been previously identified in a separate photo array several months earlier in a new array, since those persons had been eliminated as suspects *(People v Woodward,* 156 AD2d 196, *lv denied* 75 NY2d 926).

Defendant was not prejudiced by the loss of notes which were incorporated into a typed report, and related to an interview of a defense witness who told the officer shortly after the killing that she knew nothing about the incident, but testified at trial that she heard someone speaking in Spanish immediately before the shooting occurred. Her testimony was consistent with that of the prosecution witness who stated that he was screaming at the decedent to open the door. Furthermore, any prejudice was vitiated since defendant was provided with a copy of the typed report, counsel vigorously cross-examined the witness about the loss, the witness acknowledged that he did not know if the person he spoke with was the same person who testified, and the court instructed the jury that it might consider the lack of that evidence in rendering its verdict *(see, People v Franco,* 189 AD2d 589, *lv denied* 81 NY2d 970).

Defendant's claims raised in his *pro se* supplemental brief

which pertain to the lower court's denial of his motion pursuant to CPL article 440 are not subject to review since defendant never obtained permission to appeal to this Court *(People v Thomas,* 183 AD2d 457, 458, *lv denied* 80 NY2d 934).

We have considered defendant's remaining contentions and find they do not warrant any modification of the judgment. Concur—Ellerin, J. P., Wallach, Asch, Nardelli and Tom, JJ.