■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WILLIAMS, Appellant. [621 NYS2d 380] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered April 9, 1991, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was denied his right to a speedy trial pursuant to CPL 30.30. After subtracting the periods of delay resulting from the defendant's pretrial motions, delays to which the defendant consented, adjournments at the defendant's request, the period during which the defendant was without counsel without the fault of the court, and the periods during which one of the defendants' attorneys was engaged elsewhere, the total time chargeable to the People falls within the six months permitted by CPL 30.30.

Contrary to the defendant's contention, the period following the People's first announcement of readiness until the dismissal of the indictment is analyzed under the guidelines of post-readiness analysis, which concerns itself with only those delays which "directly implicate the People's ability to pro-

ceed with trial" *(People v Cortes,* 80 NY2d 201, 210). We find that under post-readiness scrutiny, no days are chargeable to the People for this period since the defendant concedes that a codefendant's attorney was engaged elsewhere and thus did not attend the instant proceedings. In light of post-readiness analysis, the engagement of a codefendant's counsel could in no way directly implicate the People's ability to proceed with trial and therefore these delays cannot be chargeable to the People.

The People have conceded an additional 19 days which, in addition to the trial court's total charge of 160 days to the People, still falls short of the six-month limit of 184 days delay permitted pursuant to CPL 30.30.

The defendant's statutory right to a speedy trial has not been violated since we find that the remaining days contested by the defendant are not chargeable to the People because they fall within certain of the exclusions provided by CPL 30.30 *(see,* CPL 30.30 [4] [f]; *see also, People v Greene,* 134 AD2d 612 [35 days is a reasonable time for the court to appoint counsel]; *see also,* CPL 30.30 [4] [a]; *People v Worley,* 66 NY2d 523, 527 [time required for pretrial motions excluded from CPL 30.30]). Bracken, J. P., Miller, Ritter and Goldstein, JJ., concur.