■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIM LYONS, Appellant. [664 NYS2d 779] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered June 17, 1994, convicting defendant, after a nonjury trial, of assault in the second degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

Defendant received effective assistance of counsel (*People v Baldi*, 54 NY2d 137). By vigorously pursuing a defense of justification, counsel made a reasonable strategic decision, which we see no reason to second guess (*People v Satterfield*, 66 NY2d 796, 799-800).

Defendant's remaining claims are unreviewable because they are based on facts and allegations dehors the trial record. Although these claims appear to be based on defendant's submissions in support of his CPL 440.10 motion, those submissions are not properly before us since defendant never obtained permission to appeal to this Court from the denial of the motion (*see, People v Hakeem*, 210 AD2d 16, *lv denied* 85 NY2d 973). Were we to deem these claims reviewable, we would find them to be without merit. Concur—Ellerin, J. P., Wallach, Nardelli and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS SMITH, Appellant. [665 NYS2d 856] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), rendered April 9, 1996, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The admission into evidence of the pocket knife was proper since it was relevant to explain why the officers did not search further for another cutting device. In any event, its admission did not deprive defendant of a fair trial, in view of the overwhelming evidence of guilt and the stipulations and other circumstances under which the knife was presented to the jury (*see, People v Crimmins*, 36 NY2d 230, 240-242). Concur—Ellerin, J. P., Wallach, Nardelli and Mazzarelli, JJ.