■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK WALSH, Appellant. [698 NYS2d 502] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered April 18, 1996, convicting him of absconding from temporary release in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in allowing testimony regarding the length of several of his prior sentences is without merit. This testimony was admissible either as relevant to the People's direct case (*see, People v Alvino,*

71 NY2d 233) or pursuant to the court's *Sandoval* ruling (*see, People v Williams,* 211 AD2d 833; *People v Sandoval,* 34 NY2d 371).

To the extent that the defendant claims. that the conditions imposed by the trial court forced him to involuntarily waive his right to be present at side bar conferences, this claim is also without merit. To succeed on such a claim, a defendant would have to enjoy the right to approach the bench without escort by court officers. However, no such right is conferred on a defendant by either the State or Federal Constitutions or by any statute or decision (*see, People v Vargas,* 88 NY2d 363, 376).

To the extent that the prosecutor's comments during summation were less than exemplary, the error was harmless in view of the overwhelming evidence of the defendant's guilt (*see, People v Sampson,* 108 AD2d 882).

The court properly sentenced the defendant as a second felony offender without a hearing (*see, People v Penna,* 135 AD2d 918, 919).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, S. Miller and Sullivan, JJ., concur.