■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER RUSSIN, Appellant. (Appeal No. 1.) [716 NYS2d 217] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Niagara County Court for resentencing in accordance with the following Memorandum: In appeal No. 1, we conclude that County Court properly denied defendant's motion to dismiss the indictment based upon the insufficiency of the proof of value before the Grand Jury. The court's ruling on the sufficiency of the evidence before the Grand Jury prior to defendant's first trial was the law of the case (see, People v Guin, 243 AD2d 649, 650, lv denied 91 NY2d 834; see also, People v Evans, 94 NY2d 499, 504). In any event, the validity of the order denying the renewed motion "is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence" (CPL 210.30 [6]; see, People v Martinez, 257 AD2d 479, 480, lv denied 93 NY2d 876). Defendant failed to preserve for our review his contention that the trial evidence is legally insufficient to support the conviction (see, People v Gray, 86 NY2d 10, 19) and his contentions challenging the admissibility of eyewitness identification testimony (see, People v Rodriguez, 148 AD2d 759, lv denied 74 NY2d 851). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

In appeal No. 2, we conclude that County Court properly denied defendant's motion to dismiss the indictment based upon the 28-month period of preindictment delay. The delay resulted from the lack of sufficient evidence to support a charge against defendant (see, People v Singer, 44 NY2d 241, 254) and the involvement of the investigating officers in a task force investigation (see, People v Brown, 262 AD2d 419, 420). Further, defendant offered nothing more than a "routine-like claim of prejudice" (People v Fuller, 57 NY2d 152, 160) and demonstrated no special circumstances causing impairment of his right to a fair trial (see, People v Fuller, supra, at 159; People v Mosher, 187 AD2d 861).

The court also properly denied the motion of defendant to suppress his statement to police investigators and an Assistant District Attorney made when defendant was incarcerated on an unrelated charge. The statement was made at a meeting requested by defendant and conducted in an office in the Sheriff's Department. Defendant was not handcuffed or otherwise physically restrained. Under those circumstances,

"defendant could not have reasonably believed that he was subject to a restriction over and above that of ordinary confinement so as to be deemed 'in custody', and, therefore, *Miranda* warnings were not necessary" (*People v Ward,* 241 AD2d 767, 769, *lv denied* 91 NY2d 837; *see, People v Alls,* 83 NY2d 94, 100, *cert denied* 511 US 1090).

In his *pro se* supplemental brief, defendant raises a number of contentions relating to his convictions in both appeals. His contention that reversal is required on the ground that the People failed to produce *Brady* material is based upon facts outside the trial record and is therefore not properly before us (*see, People v Marvin,* 216 AD2d 930, *lv denied* 86 NY2d 844). His contention that the People failed to produce *Rosario* material is also based upon facts outside the trial record. Those facts were developed in connection with defendant's motion to vacate the conviction pursuant to CPL 440.10, but defendant did not obtain permission to appeal from the order denying that motion. The alleged *Rosario* violation, therefore, is also not properly before us (*see, People v Lyons,* 244 AD2d 301, *lv denied* 92 NY2d 880).

At the persistent felony offender hearing, defendant challenged his two previous felony convictions on the ground that they were obtained in violation of his constitutional right to effective assistance of counsel. The court erred in sentencing defendant as a persistent felony offender without conducting a hearing to address defendant's constitutional challenge to the previous felony convictions (*see,* CPL 400.20 [6], [9]; *People v Drummond,* 87 AD2d 828, 828-829; *see also, People v Nolley,* 233 AD2d 925, 926, *lv denied* 89 NY2d 1039; *People v Wright,* 119 AD2d 973, 973-974, *lv denied* 67 NY2d 1058; *People v Thompson,* 60 AD2d 765). We therefore modify the judgments by vacating the sentences, and we remit the matters to Niagara County Court for resentencing. In view of our decision, we do not address defendant's remaining contentions. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Grand Larceny, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Lawton, JJ.