OPINION OF THE COURT
 

 Rosenblatt, J.
 

 In this armed robbery case, the issue before us is whether, upon a retrial following a hung jury, the “law of the
 
 *501
 
 case” doctrine required the successor Trial Judge to adhere to the
 
 Sandoval
 
 ruling made at the first trial. We conclude that it did not.
 

 I.
 

 As presented at both trials, the case against defendant rested on testimony that defendant and an accomplice, armed with a gun, robbed a driver of his car and some personal property. The police were summoned, gave chase and found defendant hiding under a van, after he and the accomplice had fled the stolen car on foot.
 

 Prior to the first trial, Justice James Leff conducted a
 
 Sandoval
 
 hearing to determine the extent to which the prosecutor would be able to cross-examine defendant. His criminal record contained some 12 dispositions extending over an 11-year period. The oldest was defendant’s youthful offender adjudication based on a third degree criminal possession of an automatic pistol. Defendant also had eight misdemeanor convictions: six for drug possession, one for criminal facilitation and one for unauthorized use of a vehicle. In addition, he had been convicted of three felonies: fifth degree sale of a controlled substance, third degree weapons possession and third degree attempted sale of a controlled substance. Justice Leff precluded the People from asking defendant about anything in his criminal past. Defendant testified at trial. After the jury could not agree on a verdict, Justice Leff ordered a new trial.
 

 At the outset of defendant’s retrial before Justice Nicholas Figueroa, defendant argued that Justice LefFs
 
 Sandoval
 
 ruling was binding on the court as the “law of the case.” Concluding that he was not bound by the prior
 
 Sandoval
 
 ruling, Justice Figueroa exercised his discretion by allowing the prosecution to ask defendant — were he to testify — whether he had been convicted of three felonies (including the underlying acts of one, involving a drug sale) and a misdemeanor. The court prohibited cross-examination as to the rest. Defendant did not testify at the second trial. The jury found him guilty of robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the second degree. The Appellate Division affirmed his conviction and a Judge of this Court granted defendant leave to appeal. We affirm.
 

 II.
 

 Defendant does not contend that Justice Figueroa’s
 
 Sandoval
 
 ruling was erroneous on its merits. Put differently, he does
 
 *502
 
 not claim that Justice Figueroa abused his discretion by allowing the prosecutor to cross-examine defendant as to the four convictions. Rather, he asserts that the “law of the case” operated to bar Justice Figueroa from making a second
 
 Sandoval
 
 ruling at all.
 

 The law of the case doctrine is part of a larger family of kindred concepts, which includes res judicata (claim preclusion) and collateral estoppel (issue preclusion).
 
 [1]
 
 These doctrines, broadly speaking, are designed to limit relitigation of issues. Like claim preclusion and issue preclusion, preclusion under the law of the case contemplates that the parties had a “full and fair” opportunity to litigate the initial determination
 
 (see, Arizona v California,
 
 460 US 605, 619;
 
 People v Guerra,
 
 65 NY2d 60, 63;
 
 Sales v State Farm Fire & Cas. Co.,
 
 902 F2d 933, 936 [11th Cir 1990]).
 

 As distinguished from issue preclusion and claim preclusion, however, law of the case addresses the potentially preclusive effect of judicial determinations made in the course of a single litigation
 
 before
 
 final judgment
 
 (Matter of McGrath v Gold,
 
 36 NY2d 406, 413;
 
 Walker v Gerli,
 
 257 App Div 249, 251;
 
 see generally,
 
 Steinman,
 
 Law of the Case: A Judicial Puzzle in Consolidated and Transferred Cases and in Multidistrict Litigation,
 
 135 U Pa L Rev 595 [1987]; 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4478). Res judicata and collateral estoppel generally deal with preclusion after judgment: res judicata precludes a party from asserting a
 
 claim
 
 that was litigated in a prior action
 
 (see, Parker v Blauvelt Volunteer Fire Co.,
 
 93 NY2d 343, 347), while collateral estoppel precludes relitigating an
 
 issue
 
 decided in a prior action
 
 (see, Continental Cas. Co. v Rapid-American Corp.,
 
 80 NY2d 640, 649). Accordingly, law of the case has been aptly characterized as “a kind of intra-action res judicata” (Siegel, New York Practice § 448, at 723 [3d ed]).
 

 Res judicata and collateral estoppel are rules of limitation recognized in the CPLR. Indeed, in a civil proceeding a party is entitled, by statute, to a dismissal based on issue preclusion or claim preclusion
 
 (see,
 
 CPLR 3211 [a] [5]), both of which are also designated as affirmative defenses
 
 (see,
 
 CPLR 3018 [b]).
 
 [2]
 
 Contrastingly, the law of the case doctrine is found in no New York statute.
 

 
 *503
 
 Beyond these procedural differences, law of the case rests on a foundation that further distinguishes it from issue and claim preclusion. Whereas the latter concepts are rigid rules of limitation, law of the case is a judicially crafted policy that “expresses the practice of courts generally to refuse to reopen what has been decided, [and is] not a limit to their power”
 
 (Messenger v Anderson,
 
 225 US 436, 444). As such, law of the case is necessarily “amorphous” in that it “directs a court’s discretion,” but does not restrict its authority
 
 (see, Arizona v California,
 
 460 US, at 618,
 
 supra).
 

 Over the years, the phrase “law of the case” has appeared at various times in New York decisional law, but it has not always meant the same thing
 
 (see,
 
 Black, Judicial Precedents or Science of Case Law [1912]). While this Court has used the term to connote a preclusive type doctrine
 
 (e.g., Booth v Bunce,
 
 31 NY 246, 250;
 
 People ex rel. Davis v Sturtevant,
 
 9 NY 263, 267), it has also been used colloquially
 
 (e.g., Sanford v Eighth Ave. R. R. Co.,
 
 23 NY 343, 346;
 
 Belmont v Coleman,
 
 21 NY 96, 100). For a time, the phrase described jury charges to which no objection was taken
 
 (e.g., People v Lobel,
 
 298 NY 243, 254;
 
 Brown v Du Frey,
 
 1 NY2d 190, 195). As this Court observed in
 
 Martin v City of Cohoes
 
 (37 NY2d 162, 165), that usage is no longer current, in part because the Appellate Division is free, in the interest of justice, to review unpreserved error
 
 (see also,
 
 12 Weinstein-Korn-Miller, NY Civ Prac ¶ 5501.11).
 

 The term “law of the case” is also used, often in Federal court decisions, to describe the doctrine requiring a lower court, on remand, to follow the mandate of the higher court
 
 (see, e.g., Prisco v A & D Carting Corp.,
 
 168 F3d 593, 607, n 10;
 
 Day v Moscow,
 
 955 F2d 807, 812,
 
 cert denied
 
 506 US 821). In that setting, there is no discretion involved; the lower court must apply the rule laid down by the appellate court (18 Solum, Moore’s Federal Practice § 134.23 [1] [a], at 134-58 [3d ed]).*
 
 [3]
 
 Although we too have employed the term in that way
 
 (e.g., Preston Corp. v Fabrication Enters.,
 
 68 NY2d 397, 405), we now refer to it primarily in the manner raised on this appeal — as a concept regulating pre-judgment rulings made by courts of coordinate jurisdiction in a single litigation
 
 (Martin v City of Co-
 
 
 *504
 

 hoes,
 
 37 NY2d 162, 165,
 
 supra; Matter of McGrath v Gold,
 
 36 NY2d 406, 413,
 
 supra; see also, United States v Todd, 920 F2d 399
 
 [6th Cir];
 
 United States v Williams,
 
 728 F2d 1402 [11th Cir];
 
 United States v Riley,
 
 684 F2d 542 [8th Cir],
 
 cert denied
 
 459 US 1111).
 

 We agree with defendant insofar as he asserts that the law of the case doctrine is designed to eliminate the inefficiency and disorder that would follow if courts of coordinate jurisdiction were free to overrule one another in an ongoing case. This Court recognized as much in
 
 Matter of Dondi v Jones
 
 (40 NY2d 8, 15), when it cautioned that “a court should not ordinarily reconsider, disturb or overrule an order in the same action of another court of co-ordinate jurisdiction”
 
 (see also, Martin v City of Cohoes,
 
 37 NY2d, at 165,
 
 supra).
 

 Although the vast majority of law of the case jurisprudence arises in civil cases, defendant also correctly argues that the concept is appropriate in criminal cases as well
 
 (e.g., People v Nieves,
 
 67 NY2d 125, 137;
 
 People v Malizia,
 
 62 NY2d 755, 758;
 
 People v Leon, 264
 
 AD2d 784 [barring reconsideration of a request for a
 
 Mapp
 
 hearing];
 
 People v Rodriguez,
 
 244 AD2d 364 [barring reconsideration of motion to dismiss indictment],
 
 Iv denied
 
 91 NY2d 896;
 
 People v Johnson,
 
 131 AD2d 696 [same];
 
 People v Guin,
 
 243 AD2d 649,
 
 Iv denied
 
 91 NY2d 834 [barring reinspection of Grand Jury minutes];
 
 People v Broome,
 
 151 AD2d 995 [barring
 
 Wade
 
 hearing redetermination]).
 

 Law of the case, however, does not contemplate that every trial ruling is binding on retrial. By asserting that the successor Judge had no discretion but to adhere fully to the earlier
 
 Sandoval
 
 ruling, defendant, in effect, seeks inappropriately to impose the strict, legal application of claim and issue preclusion on the more flexible doctrine of law of the case. If that were so, a Judge conducting a retrial would be corseted by each of the previous Judge’s evidentiary rulings, including those, for example, dealing with leading questions, or the manner in which an exhibit is marked or shown to a jury or some other discretionary call. Obviously, distinctions must be made.
 

 Although this Court’s precedents on the law of the case in the usage before us are sparse, there are two cases in which the issue is touched upon, and they point the way to our determination. Between them, they establish that an “evidentiary” type ruling will normally not be binding in a subsequent trial
 
 (see, People v Malizia,
 
 62 NY2d 755, 758,
 
 supra),
 
 whereas an
 
 *505
 
 order following a suppression motion made pursuant to CPL article 710 ordinarily will be
 
 (see, People v Nieves,
 
 67 NY2d 125, 137, n 5, supra).
 

 III.
 

 Because the nature of the prior ruling is a pivotal concern in determining whether the successor Judge is constrained by the law of the case, we next consider the function and purpose of a
 
 Sandoval
 
 motion. Defendant contends that
 
 Sandoval
 
 contemplates a pre-trial determination akin to a motion to suppress evidence. Citing
 
 People v Nieves
 
 (67 NY2d, at 137, n 5,
 
 supra),
 
 he asserts that the import of a
 
 Sandoval
 
 ruling — the admissibility or preclusion of impeachment material — is closely likened to the exclusion of evidence under CPL article 710. It follows, he argues, that the successor Judge was bound by the earlier
 
 Sandoval
 
 ruling and stripped of the discretion to revisit it.
 

 Relying on
 
 People v Malizia
 
 (62 NY2d, at 758,
 
 supra),
 
 the prosecution counters that a
 
 Sandoval
 
 determination is essentially an evidentiary ruling that does not normally bind a successor Judge. We agree with the People. In its form, a
 
 Sandoval
 
 ruling may resemble an article 710 suppression procedure insofar as it contemplates a pre-trial admissibility “hearing.” But the resemblance ends there. The nature and content of the two determinations are vastly different. Unlike a
 
 Sandoval
 
 determination, the CPL article 710 suppression procedure involves an adjudication based on mixed questions of law and fact
 
 (see, People v Harrison,
 
 57 NY2d 470;
 
 People v McRay,
 
 51 NY2d 594). The suppression court must make findings of fact, often requiring it to assess the credibility of witnesses. It must then render its conclusions of law and the reasons for its determination, all of which must be set forth on the record (CPL 710.60 [6]) as a basis for an order (CPL 710.70). By way of contrast,
 
 Sandoval
 
 deals with the exercise of the court’s discretion in controlling cross-examination and impeachment — subjects of classical evidentiary character
 
 (see generally, People v Chapleau,
 
 121 NY 266, 276; former Penal Law § 2444; former Penal Code § 714). As such, a successor Judge examining an earlier discretionary ruling is in a position different from one who would revisit a prior determination of law or finding of fact. This distinction compels our conclusion.
 

 That
 
 Sandoval
 
 determinations are typically made before trial does not change their character as evidentiary rulings based on discretion. The timing is not controlling; the determi
 
 *506
 
 nation is still a “trial ruling,” even though, for purposes of fairness and convenience, it is made before trial
 
 (People v Nieves,
 
 at 136,
 
 supra).
 
 Moreover, the character of a
 
 Sandoval
 
 ruling is revealed in the language of the case itself. Citing
 
 People v Schwartzman
 
 (24 NY2d 241) for the proposition that “the nature and extent of cross-examination have always been subject to the sound discretion of the Trial Judge,” the
 
 Sandoval
 
 Court specifically refrained from laying down “precise guidelines,” considering that the determination is one of
 
 “ad hoc
 
 discretion”
 
 (People v Sandoval,
 
 34 NY2d 371, 374, 376).
 

 Justice Leff, acting solely in the exercise of his discretion, precluded the prosecution from any cross-examination as to defendant’s criminal past. Justice Figueroa could have adhered to Justice Leifs ruling. Concluding correctly that the doctrine of the law of the case did not bind him, he was free to exercise his discretion in deciding whether to revisit the issue, or to defer to the earlier, discretionary ruling of Justice Leif. In all, there is no basis to identify an abuse of discretion on this record.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed.
 

 [1]
 

 . For an examination of these doctrines going back to their earliest historical roots, see,, Bower, The Doctrine of Res Judicata (1924).
 

 [2]
 

 . CPLR 3211 (a) (5) and CPLR 3018 (b) refer to collateral estoppel and res judicata, but these terms are synonymous, respectively, with issue preclu
 
 *503
 
 sion and claim preclusion — terms that are being used increasingly (e.g.,
 
 Gargiulo v Oppenheim,
 
 63 NY2d 843;
 
 Matter of Ranni [Ross],
 
 58 NY2d 715; Restatement [Second] of Judgments § 29).
 

 [3]
 

 . Conversely, law of the case cannot apply in a court reviewing an order on appeal
 
 (Klein v Smigel,
 
 44 AD2d 248, 250,
 
 affd
 
 36 NY2d 809;
 
 Di Fresco v Starin,
 
 81 AD2d 629, 630).