■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL WESTBROOK, Appellant. [733 NYS2d 712] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered October 25, 2000, convicting him of operating a motor vehicle while under the influence of alcohol, as a felony, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

While on routine patrol at approximately 2:14 A.M., a police officer observed the defendant's vehicle in a school parking lot. There were signs in the lot indicating that it was to be used only for school parking and that unauthorized vehicles would be towed. The presence of the vehicle on school grounds at that time in the morning aroused the officer's suspicions. The officer had investigated a burglary at the school three months earlier. He approached the vehicle as it was in the process of turning around, activated his lights and siren, and stopped the vehicle. When he requested the defendant's license and registration, the officer noted the defendant's slurred speech and alcohol on his breath. After the defendant failed several field sobriety tests, he was placed under arrest. He was subsequently indicted for two felony counts of operating a motor vehicle while under the influence of alcohol. The defendant moved to suppress certain statements made at the scene and at the police station, as well as the results of a breathalyzer test, contending that the stop of his vehicle was not based on reasonable suspicion and therefore was unlawful. After a hearing, the County Court denied suppression.

The County Court properly concluded that the stop of the defendant's vehicle was lawful. The vehicle's presence in the early morning hours in a school parking lot, which was to be used only for school parking, near the site of a recent burglary, gave the officer a reasonable suspicion of criminal activity justifying the stop of the vehicle (*see, People v Austro,* 239 AD2d 833; *cf., Matter of Byer v Jackson,* 241 AD2d 943). Consequently, those branches of the defendant's omnibus motion which were to suppress his statements and the results of the breathalyzer test were properly denied. Altman, J. P., Krausman, Goldstein and Crane, JJ., concur.