Smith, J.
(dissenting). I agree with the majority that the delays in this case were intolerable. I disagree, however, that the “presentment agency did not [expressly] contend * * * that the habeas corpus decision had preclusive effect” and did not “adequately” argue collateral estoppel.
The majority regards the presentment agency’s failure to use the words “collateral estoppel” as precluding review of its argument that the issue of pretrial delays is not before this Court, since that issue was resolved against appellant by the order in the habeas corpus petition, which appellant did not seek to appeal. To focus on the exact wording used, rather than the entire argument, is to elevate form over substance. The words “collateral estoppel” should not be used as magical words that must be stated precisely in order to open the doors of judicial review to the question of whether a party should be precluded from relitigating an issue decided in a prior action.
Despite not using the term “collateral estoppel,” the presentment agency clearly makes the argument that the words embody. Collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue already decided against him or her (Green v Montgomery, 95 NY2d 693, 701 [2001]; People v Evans, 94 NY2d 499, 502 [2000]; Matter of Juan C. v Cortines, 89 NY2d 659, 667 [1997]). The presentment agency specifically argues in its brief that the issue of whether the delays in the resolution of the suppression hearing denied appellant a speedy trial was litigated and determined against him. Specifically, the presentment agency states the following:
“Although this Court granted appellant leave to appeal from the Appellate Division, First Department’s January 31, 2002 order, we believe that, in granting leave, this Court did not intend for the *315 pre-trial delay issue to be before it. Appellant is precluded from raising that issue, thereby making the only proper issue on this appeal the alleged post-fact-finding hearing delays.”
In light of the foregoing, I conclude that the suppression-delay argument has been previously determined and is not properly before us. The evidence supports the decision of the Family Court and the Appellate Division that appellant was not denied his right to a speedy trial during the fact-finding hearing and that appellant committed an act which would constitute the crime of criminal possession of marijuana in the fifth degree if he were an adult. I would, therefore, affirm.
Chief Judge Kaye and Judges Levine, Wesley, Rosenblatt and Graffeo concur with Judge Ciparick; Judge Smith dissents and votes to affirm in a separate opinion.
Order reversed, etc.