OPINION OF THE COURT
Memorandum.
Ordered that the judgments of conviction are affirmed.
On a prior appeal, this court reversed judgments convicting defendant of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), resisting arrest (Penal Law § 205.30) and harassment in the second degree (Penal Law § 240.26 [1]), and remitted the case for a new trial (People v Clergeot, 20 Misc 3d 87 [2008]).
Following the retrial, defendant was convicted of attempted assault in the third degree and harassment in the second degree.
Prior to the retrial, defense counsel asserted that he had not received Rosario material from the People. Defense counsel also objected to certain redactions in the Rosario material, referred to as “green cards,” which the People had provided prior to the first trial, and requested an in camera inspection of said redacted material. The People asserted, and defense counsel conceded, that the redaction had been approved by the judge who had presided at the first trial, following an in camera inspection, prior to the first trial. The prosecutor further stated that all Rosario material had been produced prior to the first trial, and represented to the court that there was no new Rosario material subject to discovery. The District Court found that the People had provided defendant with all Rosario material prior to the first trial and declined to conduct a new in camera inspection of the material.
On appeal, defendant contends, among other things, that the judgments of conviction should be reversed on the ground that the People failed to produce any Rosario material prior to the second trial and that an in camera inspection of the material should have been conducted again prior to the second trial.
Pursuant to CPL 240.45 (1) (a), the People are required to produce all recorded statements made by witnesses who are expected to testify for the prosecution in criminal cases (see *89 People v Rosario, 9 NY2d 286 [1961]). Moreover, the prosecution is under a continuing duty to disclose to defendant any material which is discoverable (see CPL 240.60). The prosecution furnished all Rosario material prior to the first trial, and the prosecutor’s representation that there was no new Rosario material subject to production was sufficient since defendant failed to make a factual showing that new Rosario material existed (see People v Poole, 48 NY2d 144, 149 [1979]; People v Brown, 286 AD2d 340 [2001]). There is no authority requiring the People to again produce the same Rosario material that had been furnished to defendant prior to the first trial (see generally People v Johnson, 155 AD2d 339 [1989]).
The District Court properly denied defendant’s request for an in camera inspection of Rosario material that had been previously reviewed in camera and redacted by the court prior to the first trial. In the absence of any indication that the prior determination was discretionary rather than factual in nature, the successor judge was bound by the prior Rosario determination approving the redaction of such material (cf. People v Evans, 94 NY2d 499 [2000]; People v Wallace 298 AD2d 130, 131 [2002]). Moreover, defendant has not established that extraordinary circumstances are present which would warrant a departure from adhering to the law of the case doctrine (see Evans, 94 NY2d at 506; see People v Guin, 243 AD2d 649, 650 [1997]). Even assuming, arguendo, that the first judge’s Rosario redaction had a discretionary aspect, it was permissible for the successor judge to exercise his discretion by deferring to the earlier discretionary ruling rather than revisiting the issue (see generally Evans, 94 NY2d at 506).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear testimony and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon our review of the record, we are satisfied that the verdicts of guilty of attempted assault in the third degree and harassment in the second degree were not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Accordingly, the judgments of conviction are affirmed.
Tanenbaum, J.P, Molía and LaCava, JJ., concur.