11-865-cv
Moore v. U.S. Dep't of Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28ᵗʰ day of November, two thousand eleven.

PRESENT: REENA RAGGI,
              SUSAN L. CARNEY,
                   *Circuit Judges*,
              LAWRENCE E. KAHN,
                   *District Judge.*[*]

------------------------------------------------------------------------

BRIAN MOORE,
                   *Plaintiff-Appellant*,

         v.                                      No. 11-865-cv

U.S. DEPARTMENT OF EDUCATION,
JOHN OR JANE DOE,
                   *Defendants-Appellees.*[**]

------------------------------------------------------------------------

[*] Judge Lawrence E. Kahn of the United States District Court for the Northern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the caption as shown above.

1

APPEARING FOR APPELLANT:        BRIAN MOORE, *pro se*, Long Beach, New York.

APPEARING FOR APPELLEES:        JAMIE L. NAWADAY (Benjamin H. Torrance, *on the brief*), Assistant United States Attorneys, Of Counsel, *on behalf of* Preet Bharara, United States Attorney for Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 12, 2010, is AFFIRMED.

Plaintiff Brian Moore appeals, pro se, from the sua sponte dismissal of his complaint alleging a Fair Credit Reporting Act ("FCRA") violation, 15 U.S.C. § 1681s-2(a), by the U.S. Department of Education (the "Department") and an unnamed defendant. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In reviewing a dismissal of a pro se plaintiff's claims for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), or for failure to state a claim on which relief may be granted, see Fed. R. Civ. P. 12(b)(6), we review a district court's factual findings for clear error and its legal conclusions de novo, construing the complaint liberally, accepting all factual allegations therein as true, and drawing all reasonable inferences in the plaintiff's favor. See Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008); Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

2

As defendants concede, the dismissal of Moore's case pursuant to <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415–16 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983), cannot be reconciled with our decision in <u>Hoblock v. Albany County Board of Elections</u>, 422 F.3d 77, 87–88 (2d Cir. 2005).  No matter.  We are free to affirm a district court's decision on any grounds supported in the record.  <u>See</u> <u>Thyroff v. Nationwide Mut. Ins. Co.</u>, 460 F.3d 400, 405 (2d Cir. 2006); <u>cf.</u> <u>Pillay v. INS</u>, 45 F.3d 14, 17 (2d Cir. 1995) (discussing court's inherent authority to dismiss meritless claims and appeals).  As we observed in <u>Hoblock</u>, even where <u>Rooker-Feldman</u> does not apply, a plaintiff's claims may still be "barred by ordinary preclusion principles." <u>Hoblock v. Albany Cnty. Bd. of Elections</u>, 422 F.3d at 88 n.6; <u>see also</u> <u>Skinner v. Switzer</u>, 131 S. Ct. 1289, 1298 n.11 (2011) (reversing <u>Rooker-Feldman</u> dismissal but remanding for consideration of potentitally outcome-determinative preclusion issues).  This is such a case.

Moore sued his student loan program, the William D. Ford Federal Direct Loan Program ("Direct Loan"), a U.S. Department of Education program, in state court for the same FCRA violation he alleges here.  The state court dismissed the claim <u>sua sponte</u>, holding that the FCRA did not grant Moore a private right of action.[1]  Although Moore

---

[1] While this court has not addressed the issue, a number of our sister circuits as well as district courts in this circuit have similarly concluded that 15 U.S.C. § 1681s-2(a) affords no private right of action.  <u>See</u> <u>Huertas v. Galaxy Asset Mgmt.</u>, 641 F.3d 28, 34–35 (3d Cir. 2011); <u>Gorman v. Wolpoff & Abramson, LLP</u>, 584 F.3d 1147, 1154 (9th Cir. 2009); <u>Perry v. First Nat'l Bank</u>, 459 F.3d 816, 822 (7th Cir. 2006); <u>Barberan v. Nationpoint</u>, 706 F. Supp. 2d 408, 427 (S.D.N.Y. 2010); <u>Prakash v. Homecomings Fin.</u>, No. 05-CV-2895(JFB)(VVP), 2006 WL 2570900, at *2 (E.D.N.Y. Sept. 5, 2006); <u>Jonas v. Int'l Airline Emps. F.C.U.</u>, No.

filed—but failed to pursue—an appeal, the trial court's judgment qualifies as final and on the merits. See DiSorbo v. Hoy, 343 F.3d 172, 182–83 (2d Cir. 2003).

The preclusive effect of a state court's judgment is a matter of state law. See Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d at 92–93. New York law recognizes the doctrines of claim and issue preclusion as "rigid rules of limitation." People v. Evans, 94 N.Y.2d 499, 503, 706 N.Y.S.2d 678, 681 (2000); see also Pike v. Freeman, 266 F.3d 78, 90 n.14 (2d Cir. 2001) ("[T]here appears to be no significant difference between New York preclusion law and federal preclusion law."). Under the claim preclusion doctrine, a valid final judgment bars future actions between the same parties (or their privies) on the same cause of action. See Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997); Parker v. Blauvent Volunteer Fire Co., Inc., 93 N.Y. 2d 343, 347, 690 N.Y.S.2d 478, 481 (1999). Issue preclusion further prevents a party from relitigating in any subsequent action an issue actually and necessarily decided against a party who had a full and fair opportunity to contest the decision in the first instance. See Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d at 94; Parker v. Blauvent Volunteer Fire Co., Inc., 93 N.Y.2d at 349, 690 N.Y.S.2d at 482.

Here, claim preclusion bars Moore from relitigating his FCRA claim against the Department, the real party in interest before the state court. Because Moore could have pursued an appeal from the sua sponte dismissal or moved for leave to reargue, issue

03 Civ. 3347(JGK), 2006 WL 1409721, at *6 (S.D.N.Y. May 19, 2006); Trikas v. Universal Card Servs. Corp., 351 F. Supp. 2d 37, 44 (E.D.N.Y. 2005); O'Diah v. New York City, No. 02 Civ. 274(DLC), 2002 WL 1941179, at *13 (S.D.N.Y. Aug. 21, 2002).

preclusion bars relitigation of identical issues against the Department and the unnamed defendant in any event. See Curry v. City of Syracuse, 316 F.3d 324, 331 (2d Cir. 2003); see also Dieffenbach v. Attorney Gen. of Vt., 604 F.2d 187, 199–200 (2d Cir. 1979) (finding opportunity to move for reargument following state court's sua sponte dismissal "more than sufficient to safeguard . . . due process rights"). In urging otherwise, Moore suggests that he did not know that the Department was the real party in interest in the state court action, and further that the state court may not have had subject matter jurisdiction due to the involvement of the federal defendant. These arguments warrant little discussion because they cannot as a matter of law defeat issue preclusion. See Parker v. Blauvent Volunteer Fire Co., Inc., 93 N.Y. 2d at 349, 690 N.Y.S.2d at 482; cf. Corbett v. MacDonald Moving Servs., Inc., 124 F.3d 82, 88–89 (2d Cir. 1997) (finding as matter of federal law that federal court judgments have preclusive effect notwithstanding lack of subject matter jurisdiction in rendering court).

We have considered Moore's remaining arguments on appeal and conclude that they are without merit. In light of our conclusion that New York preclusion principles bar Moore's claims, his challenges to the district court's denials of his motions for reconsideration are moot, even though Moore correctly argued in those motions that the district court's Rooker-Feldman analysis was flawed.

For the foregoing reasons, the district court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court