People v Burroughs (2019 NY Slip Op 02638)





People v Burroughs


2019 NY Slip Op 02638


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Friedman, J.P., Gische, Kapnick, Webber, Gesmer, JJ.


8916 3216/10

[*1]The People of the State of New York, Respondent,
v
Theophilus Burroughs, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shera Knight of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Steven L. Barrett, J. at dismissal motion and first plea; Ralph Fabrizio, J. at second plea and sentencing), rendered November 5, 2015, convicting defendant of criminal sale of a firearm in the first degree, criminal tax fraud in the first degree, money laundering in the first degree and conspiracy in the fourth degree, and sentencing him to an aggregate term of 15 years, unanimously affirmed.
We decline to revisit our earlier determination (People ex rel. Burroughs v Warden, O.B.C.C. Corr. Facility, 132 AD3d 469 [1st Dept 2015]) that New York had territorial jurisdiction over certain offenses that occurred, in part, in another state. Although that determination was made on an appeal from a denial of habeas corpus, this Court reached the merits without discussing the availability of habeas corpus as a remedy, and the parties had a "full and fair" opportunity to litigate the initial determination (see People v Evans, 94 NY2d 499, 502 [2000]). In any event, regardless of whether our prior determination has preclusive effect, we adhere to it for the reasons stated therein, as well as in the motion court's decision (40 Misc 3d 1089, 1092 [Sup Ct Bronx County 2013]).
Under the unusual procedural circumstances, the court did not exceed its authority in vacating defendant's first guilty plea without his consent. Defendant had placed the case in a posture where his continued litigation of the validity of the charges, not on appeal but before the plea court itself, was incompatible with the plea.
Regardless of the validity of defendant's waiver of the right to appeal, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK