People v Folk (2019 NY Slip Op 04321)





People v Folk


2019 NY Slip Op 04321


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Acosta, P.J., Richter, Kapnick, Kahn, Kern, JJ.


9512 5863/11

[*1]The People of the State of New York, Respondent,
v
Troy Folk, Defendant-Appellant.


Christina Swarns, Office of the Appellate Defender, New York (Elizabeth R. Moulton of the bar of the State of California, admitted pro hac vice, of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.



Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 15, 2013, convicting defendant, after a jury trial, of assault in the first degree and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 18 years, unanimously modified, on the law, to the extent of vacating the assault conviction and the weapon possession conviction under the third count of the indictment (Penal Law § 265.03[1]), and remanding for a new trial on those two counts, as well as other proceedings consistent with this decision, and otherwise affirmed.
The People concede that the trial court erred in admitting the grand jury testimony of a witness indicating that defendant fired an errant shot that struck a bystander as defendant and a companion fled from another group following a verbal altercation. Specifically, the People acknowledge that the testimony was not admissible under the past recollection recorded exception to the hearsay rule, because the witness did not testify at trial that the grand jury testimony "correctly represented his knowledge and recollection when made" (People v Taylor, 80 NY2d 1, 8 [1992]; see also People v Tapia, NY3d , 2019 NY Slip Op 02442, *2 [2019]), and was not admissible for impeachment purposes under CPL 60.35 because the witness's trial testimony that he could not remember the relevant events did not "affirmatively damage[] the case of the party calling him" (People v Fitzpatrick, 40 NY2d 44, 51 [1976]).
We are not persuaded by the People's argument that admission of this evidence was harmless with regard to defendant's convictions for assault and for possession of a weapon with intent to use it unlawfully against another in violation of Penal Law § 265.03(1). There was other evidence that defendant committed these crimes, either as a principal or an accomplice, including a remark in a recorded prison telephone call that supported an inference that defendant was the shooter, and defendant's admission to police that although he did not believe his companion would shoot, he handed a revolver to his companion, who fired it. However, the evidence was not so overwhelming that it can be reasonably concluded that "there is [no] significant probability . . . that the jury would have acquitted the defendant had it not been for the error or errors which occurred" (People v Crimmins, 36 NY2d 230, 242 [1975]). Defendant correctly argues that the disputed grand jury testimony, read into the record and relied on by the prosecutor in summation, effectively constituted the only eyewitness testimony indicating that defendant fired the weapon, or that he displayed it or used it to threaten the opposing group. Based on the record as a whole, we cannot discount the significant likelihood that, in the absence of this evidence, the jury may have had a reasonable doubt that defendant was the shooter, or, that if he was not, he shared the shooter's intent to cause serious physical injury, or that he intended for the weapon to be used unlawfully.
In contrast, we find that the court's error was harmless as to defendant's conviction of criminal possession of a weapon under Penal Law § 265.03(3), for simply possessing a loaded firearm outside his home or place of business. While denying that he fired the revolver, [*2]defendant admitted to police that he took it out of his pocket and handed it to his companion. Based principally on this evidence, there is no significant probability that exclusion of the inadmissible grand jury testimony would have resulted in defendant's acquittal of simple possession.
Defendant's legal sufficiency claims are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that, even if the inadmissible grand jury evidence is disregarded, the verdict as to all counts was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]).
Because we are ordering a new trial on the counts indicated, we need not address defendant's other claims of trial error except in regard to whether defendant is also entitled to a new trial on the remaining count. We conclude that there is no reasonable possibility that any errors involving the admission of evidence or the court's jury instructions and conduct of the trial contributed to the verdict convicting defendant of simple weapon possession. We leave such matters to the sound discretion of the court in the event of a retrial on the other counts, should these issues arise (see People v Evans, 94 NY2d 499, 504-506 [2000]).
We also decline to reach defendant's claim that the sentence, including the sentence on the conviction we have sustained, should be reduced. Instead, we conclude that in light of the changed circumstances, defendant should be resentenced on that conviction, regardless of whether the People elect to retry defendant on the other two counts.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK