Westchester Radiology & Imaging, P.C. v Global Liberty Ins. Co. of N.Y. (2021 NY
Slip Op 50641(U))

[*1]

Westchester Radiology & Imaging, P.C. v Global Liberty Ins. Co. of
N.Y.

2021 NY Slip Op 50641(U) [72 Misc 3d 131(A)]

Decided on July 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-791 K C

Westchester Radiology and Imaging, P.C.,
as Assignee of Carlos Tavarez and Lorena Tomola, Respondent,
against
Global Liberty Insurance Company of New York, Appellant.

Law Office of Jason Tenenbaum, P.C. (Shaaker Bhuiyan of counsel), for appellant.
Petre and Zabokritsky, P.C. (Damin Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered April 5, 2019, as amended by order of that court dated June 19, 2019. The
order denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and the matter is remitted to the Civil
Court for a determination of defendant's motion on the merits.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved
for summary judgment. After the parties stipulated to adjourn plaintiff's motion, and two months
after the deadline provided for in the stipulation, defendant served a cross motion for summary
judgment dismissing the complaint. In an order entered June 2, 2017, the Civil Court (Robin
Kelly Sheares, J.) declined to consider defendant's cross motion, treated defendant's submission
as opposition to plaintiff's motion, denied plaintiff's motion for summary judgment, and stated
that plaintiff "made out their prima facie case for all purposes in this matter" and that the "[c]ase
shall proceed to trial on the defenses raised in NF-10s."
Defendant thereafter moved for summary judgment dismissing the complaint. By order dated
April 3, 2019 and entered April 5, 2019, the Civil Court (Odessa Kennedy, J.) denied defendant's
motion as moot on the ground that the June 2, 2017 order had denied its previous cross motion
for summary judgment and that defendant "cannot move again for summary judgment." By order
dated June 19, 2019, the court "sua sponte supplement[ed] its April 3, 2019 order" and stated that
"defendant's attempt to submit a second motion for summary judgment . . . [*2]would effectively nullify [the] June 2, 2017 order."
The Civil Court denied defendant's motion based, in part, upon the rule against successive
motions for summary judgment (see e.g.
Williams v City of White Plains, 6 AD3d 609, 609 [2004]; Capuano v Platzner Intl. Group, 5
AD3d 620, 621 [2004]). However, that rule does not apply here because defendant's initial
cross motion for summary judgment was not considered by the court. The Civil Court also
denied defendant's motion based upon law of the case. However, the statement in the June 2,
2017 order that the "[c]ase shall proceed to trial on the defenses raised in the NF-10s" is not a
directive that the matter proceed to trial. Rather, it is a directive as to what will happen at trial, as
the court, in effect, made CPLR 3212 (g) findings in plaintiff's favor limiting the trial to those
defenses (see Maxford, Inc. v Erie Ins.
Co. of NY, 60 Misc 3d 135[A], 2018 NY Slip Op 51057[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2018]). Moreover, the statement is not a judicial determination that
decided an issue being litigated by the parties, and is therefore not the kind of determination that
is binding law of the case (see generally People v Evans, 94 NY2d 499 [2000]). Thus,
defendant's instant motion, contrary to the Civil Court's determination, is not moot.
Accordingly, the order is reversed and the matter is remitted to the Civil Court for a
determination of defendant's motion on the merits.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 2, 2021