People v McCray (2021 NY Slip Op 06707)





People v McCray


2021 NY Slip Op 06707


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-04762
 (Ind. No. 1157/16)

[*1]The People of the State of New York, respondent,
v
Yuhura McCray, appellant.


Alan Katz, Garden City Park, NY, for appellant, and appellant pro se.
Joyce A. Smith, Acting District Attorney, Mineola, NY (Daniel Bresnahan and Hilda Mortensen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered April 6, 2018, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Christopher G. Quinn, J.), without a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court properly denied, without a hearing, that branch of his omnibus motion which was to controvert a search warrant (see People v Tambe, 71 NY2d 492, 505; People v Kelly, 151 AD3d 751, 752).
Although the defendant contends that he was denied access to various applications for eavesdropping and wiretap warrants (see e.g. People v Lambey, 176 AD3d 1232, 1234), the People demonstrated that these materials were provided to the defendant's counsel shortly after the defendant's arraignment in accordance with CPL 700.70. There is no indication that the defendant's new counsel made any effort to obtain such materials from the defendant's prior counsel, and the defendant otherwise failed to demonstrate that the People were obligated to provide these materials to his new counsel (see People v Johnson, 155 AD2d 339, 339; see generally People v Clergeot, 28 Misc 3d 87, 89 [App Term, 2d Dept]).
The defendant's contention that the Supreme Court erred in granting the People's application for cell-site location information and other related materials is unpreserved for appellate review (see CPL 470.05[2]), and we decline to reach it in the exercise of our interest of justice jurisdiction (see People v Cunningham, 194 AD3d 954, 956; People v Colon, 187 AD3d 647; People v Adams, 186 AD3d 842, 843).
The defendant waived his contention, raised in his pro se supplemental brief, that he was deprived of the right to testify before the grand jury by failing to move to dismiss the indictment within five days after his arraignment thereon (see CPL 190.50[5][c]; People v Brown, 193 AD3d [*2]875, 876; People v Reeves, 180 AD3d 936, 938; People v McTerrell, 174 AD3d 648, 649). To the extent the defendant raises, in his pro se supplemental brief, a separate jurisdictional challenge to the grand jury proceedings, it is without merit (see generally CPL 10.20[1][a]). The defendant's remaining challenge to the grand jury proceedings, raised in his pro se supplemental brief, was forfeited by the defendant's plea of guilty (see People v Hansen, 95 NY2d 227, 232; People v Miller, 17 AD3d 931, 932).
The defendant's contention, raised in his pro se supplemental brief, that the prosecutor in this matter should have been disqualified is unpreserved for appellate review (see CPL 470.05[2]; People v Tapper, 64 AD3d 620, 621), and we decline to reach it in the exercise of our interest of justice jurisdiction (see People v Blackwood, 295 AD2d 292, 292).
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court