Franklin v Franklin (2023 NY Slip Op 04925)

Franklin v Franklin

2023 NY Slip Op 04925

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Oing, J.P., Friedman, Kennedy, Shulman, Pitt-Burke, JJ. 

Index No. 310534/19 Appeal No. 698 Case No. 2023-00243 

[*1]Scott Franklin, Plaintiff-Appellant,
v
Lacey Franklin, Defendant-Respondent.

Rottenberg Lipman Rich, P.C., New York (Stacy L. Ceslowitz of counsel), for appellant.
Brian D. Perskin & Associates P.C., Brooklyn (Evan S. Seckular of counsel), for respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about December 22, 2022, which, to the extent appealed from as limited by the briefs, granted defendant wife's motion to compel plaintiff husband to pay her $18,000 for childcare costs for the period of April to December 2022 and to pay $10,000 in legal fees to the wife's counsel, unanimously reversed, on the law, without costs, and the motion denied.
The parties' stipulation of August 24, 2021, provides in pertinent part that plaintiff will pay defendant $2,000 per month "as a contribution towards [defendant's] childcare expenses." Plaintiff's obligation to make the payment is conditioned upon defendant being "employed by a nonrelative" and upon her periodic furnishing to plaintiff of "paystub[s]" documenting such employment. The stipulation requires defendant to provide plaintiff with her first paystub from a given employer, the first and last paystub of each calendar year, and the paystub covering July 1 of each year. Defendant moved for an order directing plaintiff to make a childcare payment based on her provision of timesheets purporting to document childcare services that she performed for Matthew Kleban. Kleban is the father of two girls, one of whom is a friend of the parties' daughter. Given defendant's averments that there is no written contract or other formal documentation of the employment relationship between herself and Kleban, and that Kleban does not provide her with paystubs, the court found that the timesheets defendant had provided to plaintiff were the "functional equivalent" of the "paystub[s]" required by the stipulation. We disagree.
"A written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Donahue v Cuomo, 38 NY3d 1, 13 [2022] [internal quotation marks omitted]). Here, the parties, both represented by counsel, entered into a stipulation that expressly conditioned plaintiff's obligation to make childcare payments upon defendant's production of "paystub[s]" to document her employment by a nonrelative. The term "paystub" is defined as "a record that is given to an employee with each paycheck and that shows the amount of money earned and the amount that was removed for taxes, insurance costs, etc." (https://merriam-webster.com/dictionary/paystub); accord Black's Law Dictionary 1364 [11th ed 2019]). Under this definition, and based upon the circumstances herein, the informal timesheets produced by defendant plainly do not qualify as "paystubs." In holding that plaintiff's childcare payment obligation was nonetheless triggered under the stipulation because the timesheets were the "functional equivalent" of paystubs, the motion court impermissibly changed the meaning of the parties' agreement by adding or excising terms under the guise of construction (Greenfield v Philles Records, Inc., 98 NY2d 562, 568-569 [2002]).
Finally, we reject defendant's argument that the issue of [*2]whether her timesheets triggered the childcare payment obligation is not properly before us because the court resolved it in an earlier order, from which plaintiff did not appeal. The order to which defendant refers, which was entered September 29, 2022 (the September 2022 order), granted defendant's application to compel plaintiff to make a childcare payment "to the extent of directing defendant to provide plaintiff with an unredacted time sheet that includes the name of her employer, within 10 days of this order." Even if it is assumed that the September 2022 order resolved the paystub issue in defendant's favor, plaintiff's failure to take an appeal from it does not preclude him from raising that issue on the instant appeal from the subsequent order directing him to make a childcare payment. The September 2022 order was not a final adjudication and therefore does not constitute res judicata (see Rojas v Romanoff, 186 AD3d 103, 108 [1st Dept 2020]). Neither does the doctrine of law of the case preclude our consideration of the issue on this appeal from a subsequent order, as the doctrine of law of the case "cannot apply in a court reviewing an order on appeal" (People v Evans, 94 NY2d 499, 503 n 3 [2000]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023