Gomez v Mount Sinai Hosp. (2024 NY Slip Op 05051)

Gomez v Mount Sinai Hosp.

2024 NY Slip Op 05051

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kapnick, Kennedy, Scarpulla, Shulman, JJ. 

Index No. 805113/20 Appeal No. 2812-2813 Case No. 2023-04835, 2023-04836 

[*1]Estelle Gomez, as Proposed Administratrix of the Estate of Angelo Moret and Estelle Gomez, Individually, Plaintiffs-Appellants,
v
The Mount Sinai Hospital et al., Defendants-Respondents.

Thomas Torto, New York (Jason Levine of counsel), for appellants.
McAloon & Friedman, P.C., New York (Gina Bernardi Di Folco of counsel), for The Mount Sinai Hospital, respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for Jewish Home Lifecare, Manhattan, respondent.

Judgment, Supreme Court, New York County (Kathy J. King, J.), entered May 3, 2023, in favor of defendants The Mount Sinai Hospital and Jewish Home Lifecare, Manhattan doing business as The New Jewish Home, dismissing the complaint with prejudice, pursuant to an order, same court and Justice, entered April 4, 2023, which denied plaintiffs' motion to restore the action to the calendar and amend the caption pursuant to CPLR 3025(b) and granted the cross-motion of defendant The Mount Sinai Hospital to dismiss the complaint based on a prior order of dismissal, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
By summons and complaint dated May 24, 2020, plaintiff Estelle Gomez, individually and as the proposed administrator of an estate, commenced this medical malpractice and wrongful death action to recover for injuries the decedent sustained while in defendants' care between October 4 and November 22, 2017. At the time of commencement, Gomez had not yet been appointed as the administrator of decedent's estate. On June 23, 2020, Gomez filed a petition for letters of administration with Surrogate's Court, New York County.
Defendants then separately moved to dismiss the complaint, and by order dated January 19, 2021, the court denied both motions without prejudice in light of the application for letters of administration pending before Surrogate's Court. The court thereafter held two conferences to determine the status of Gomez's application before Surrogate's Court. After the second conference, in an order dated June 29, 2021, the court dismissed the action without prejudice based on Gomez's failure to obtain letters of administration. In that order, the court permitted plaintiffs to "restore the action at any time within one year, upon notice to all parties, by providing an affidavit of merit by a qualified physician or physicians. After one year, if no motion to restore is made, [d]efendants may move for judgment dismissing the action with prejudice." On June 7, 2022, Gomez obtained letters of administration.
Plaintiffs moved to restore the action and amend the caption in accordance with the June 29, 2021 order. Defendant Mount Sinai Hospital cross-moved to dismiss plaintiffs' complaint based on the prior dismissal order. The court denied plaintiffs' motion, granted Mount Sinai's cross-motion, and dismissed the complaint based on plaintiffs' failure to commence a new action within the time prescribed by CPLR 205(a).
Initially, the June 29, 2021 order is reviewable pursuant to CPLR 5501(a)(1) (see Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025-1026 [2022]). Contrary to plaintiffs' contention, the time frame to restore the action set forth in the order did not constitute the law of the case, nor was it binding on the motion court. This issue was never litigated (see People v Evans, 94 NY2d 499, 504 [2000]), and the court (different Justice[*2]) did not have the authority to extend the six-month savings period permitted by CPLR 205(a) following dismissal of the action here (see CPLR 201).
Accordingly, notwithstanding language in the prior dismissal order permitting plaintiffs one year to restore the action, the complaint was properly dismissed with prejudice based on plaintiffs' failure to timely commence a new action within six months of the prior dismissal as set forth in CPLR 205(a). Although plaintiffs timely filed the summons and verified complaint within the statute of limitations for a wrongful death and medical malpractice action (see CPLR 214-a; EPTL 5-4.1), Gomez did not obtain letters of administration and file the instant motion to restore until well after the six-month savings period had expired (CPLR 205[a]). Thus, plaintiffs' attempt to recommence the action was untimely (cf. Rodriguez v River Val. Care Ctr., Inc., 175 AD3d 432, 433 [1st Dept 2019]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024