D. Penguin Bros. Ltd. v City Natl. Bank (2025 NY Slip Op 01863)

D. Penguin Bros. Ltd. v City Natl. Bank

2025 NY Slip Op 01863

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, Michael, JJ. 

Index No. 158949/14 153494/15|Appeal No. 3977-3977A-3977B-3977C|Case No. 2023-04378|

[*1]D. Penguin Brothers Ltd., et al., Plaintiffs-Respondents,
v
City National Bank, et al., Defendants, David Spiegelman, Esq., Defendant-Appellant. 

David Spiegelman, New York, appellant pro se.
Gordon & Haffner, LLP, Harrison (David Gordon of counsel), for respondents.

Judgment, Supreme Court, New York County (Richard G. Latin, J.), entered July 31, 2023, after an inquest, awarding plaintiffs judgment against defendant David Spiegelman Esq. in the amount of approximately $20 million, and bringing up for review an order, same court (Nancy Bannon, J.), entered on or about May 18, 2020, which granted plaintiffs' motion for a default judgment against defendant; and order, same court (Nancy Bannon J.), entered October 4, 2020, denying defendant's motion to vacate the order granting the motion for a default judgment; and an order, same court (Richard G. Latin, J.), entered March 13, 2023, setting the amount of damages upon inquest, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in finding that defendant did not provide a reasonable excuse for his default in appearing or answering the complaint (see Koppell Riv. Realty, Inc. v Rodriguez, 85 AD3d 520, 520 [1st Dept 2011]). Not only had defendant repeatedly defaulted before in this and related actions, but the record demonstrates that the excuses he offered for his default in his first motion that he was served the relevant papers on a Jewish holiday were erroneous, and the excuse proffered for his default in his second motion contradicts the first motion, and defendant failed to account for or address the discrepancies in his motions. His remaining arguments, including that the lawsuit was very emotional for him thus causing him to default, are unpersuasive.
Supreme Court properly denied defendant's motion to vacate the order granting a default judgment. Defendant appealed the order granting the motion for a default judgment, but then abandoned that appeal. The order was therefore deemed affirmed, and Supreme Court was bound by the doctrine of the law of the case (see People v Evans, 94 NY2d 499, 503 [2000]). Furthermore, issues that could have been raised on the abandoned appeal may not be reviewed on this appeal (see Bray v Cox, 38 NY2d 350, 353 [1976]; King v Compass Retail, 226 AD2d 263, 263 [1st Dept 1996]).
As to the order setting damages, we find no basis to disturb Supreme Court's findings (see Basmanov v Shiwcharan, 224 AD3d 435, 436 [1st Dept 2024]). This conclusion holds particularly true in light of defendant's default, after which he is deemed to have admitted all traversable allegations of the complaint (see Amusement Bus. Underwriters v American Intl. Group, Inc., 66 NY2d 878, 880 [1985]).
The record provides an ample basis for imposition of punitive damages. The complaint alleges that defendant, plaintiffs' long-time attorney, engaged in a multi-year, multi-million-dollar scheme to defraud them, suggesting a high degree of moral culpability (see Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196, 203 [1990]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: [*2]March 27, 2025