People v Greenland (2025 NY Slip Op 06074)

People v Greenland

2025 NY Slip Op 06074

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2018-04785
 (Ind. No. 1284/16)

[*1]The People of the State of New York, respondent,
v
Ronald Clare Greenland, appellant.

Marianne Karas, Thornwood, NY, for appellant, and appellant pro se.
Melinda Katz, Special District Attorney, Kew Gardens, NY (Johnnette Traill of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered February 27, 2018, convicting him of attempted murder in the first degree, attempted assault in the first degree, attempted aggravated assault upon a police officer, assault in the second degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
On a motion by a defendant to suppress physical evidence, "the People have the burden of going forward to show the legality of the police conduct in the first instance" (People v Whitehurst, 25 NY2d 389, 391 [emphasis omitted]). The defendant bears the ultimate burden of proving that the evidence should not be used against him or her (see People v Berrios, 28 NY2d 361, 367). The hearing court's credibility determinations are entitled to deference on appeal (see People v Jean-Jacques, 236 AD3d 1055, 1056; People v Faulk, 185 AD3d 953, 954).
Here, the challenged suppression determinations were proper. The presence of the defendant's vehicle in the early morning hours at a car dealership, which was the site of a recent burglary and closed at the time, gave the officer a reasonable suspicion of criminal activity justifying the stop of the vehicle (see People v Westbrook, 289 AD2d 269, 270; see generally People v Hinshaw, 35 NY3d 427, 430). The defendant's statement about the "knife thing" was spontaneous and not the product of interrogation (see People v Leftenant, 22 AD3d 603, 604). Moreover, any error in declining to suppress this statement was harmless because the evidence of the defendant's guilt, without reference to this statement, was overwhelming, and there was no reasonable possibility that such an error contributed to his convictions (see People v Crimmins, 36 NY2d 230; People v Dale, 207 AD3d 651, 651).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great [*2]deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that he was deprived of a fair trial due to certain allegedly improper comments made by the prosecutor during his opening statement and summation. The defendant's contentions are unpreserved for appellate review (see CPL 470.05[2]) because he failed to object to the comments he now challenges or failed to request additional relief when the Supreme Court sustained his objection (see People v Bajana, 82 AD3d 1111, 1112). In any event, the comments either constituted fair comment on the evidence and the reasonable inferences to be drawn therefrom or were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Smith, 187 AD3d 944, 948; People v Bajana, 82 AD3d at 1112).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
By failing to move to dismiss the indictment on this ground within five days after his arraignment on the indictment, the defendant waived his contention, raised in his pro se supplemental brief, that he was deprived of the right to testify before the grand jury (see CPL 190.50[5][c]; People v McCray, 200 AD3d 720, 721).
Contrary to the defendant's contention in his pro se supplemental brief, he was not deprived of the effective assistance of counsel under the New York or United States Constitutions (see People v Wright, 234 AD3d 993, 994).
The defendant's contention, raised in his pro se supplemental brief, that the People committed a Brady violation (see Brady v Maryland, 373 US 83) is unpreserved for appellate review (see People v Wright, 166 AD3d 1022, 1022-1023) and, in any event, without merit. Likewise, his contention that the Supreme Court was biased is unpreserved for appellate review (see People v James, 173 AD3d 1207, 1209) and, in any event, without merit.
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
DILLON, J.P., CHRISTOPHER, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court